UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., et al., | Case No. 16-cv-01393-JST |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE** |
| v. | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | Re: ECF No. 99 |
| Defendant. | |

Before the Court is Plaintiff Oracle's Motion to Strike Defendant's Affirmative Defenses. ECF No. 99. The motion will be granted in part and denied in part.

I.      BACKGROUND

This is a copyright infringement action brought by Oracle America, Inc. ("Oracle") against Hewlett Packard Enterprise Company ("HP"). On March 22, 2016, Oracle filed its Complaint against HP, asserting claims for copyright infringement under 17 U.S.C. §§ 101 *et seq.*, (2) intentional interference with contractual relations, (3) intentional interference with prospective economic relations, and (4) unfair competition under California Business and Professions Code § 17200. ECF No. 1. On April 29, 2016, HP filed a Motion to Dismiss the Complaint, ECF No. 34, which the Court granted in part and denied in part. ECF No. 68. Oracle filed an amended complaint on August 10, 2016 ("FAC"). ECF No. 72. On August 24, 2016, HP filed a partial motion to dismiss Oracle's First Amended Complaint and an Answer. ECF Nos. 79, 80. HP filed its operative amended answer to Oracle's FAC on September 14, 2016. ECF No. 87. On October 18, 2016, Oracle filed a motion to strike several affirmative defenses asserted by HP, which motion the Court now considers. ECF No. 99.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a district court may strike from the pleadings "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A defense is insufficiently pleaded if it fails to give a plaintiff "fair notice" of the nature of the defense.  Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).  Although the Ninth Circuit has not addressed whether the Twombly/Iqbal heightened pleading standard applies to motions to strike affirmative defenses, the Court agrees with the many judges in this district who have found that it does.  See, e.g., Hernandez v. County of Monterey, 306 F.R.D. 279, 283 (N.D. Cal. 2015) ("Most district courts in this circuit agree that the heightened pleading standard of Twombley and Iqbal . . . is now the correct standard to apply to affirmative defenses.") (internal quotation marks omitted); Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp. 2d 925, 928 (N. D. Cal. 2012) ("Most courts have held that the Iqbal/Twombly pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief.").

Applying this heightened pleading standard requires a defendant to provide "some valid factual basis for pleading an affirmative defense" and allows a district court to "weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings." Barnes, 718 F. Supp. 2d at 1172 (internal quotation marks omitted).  "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." Hernandez, 306 F.R.D. at 284. If an affirmative defense is stricken, the court should freely grant leave to amend when doing so would not cause prejudice to the opposing party.  Wyshak, 607 F.2d at 826.

### A.  Request for Judicial Notice

Oracle requests that the Court take judicial notice of HP's corporate deposition testimony in the case of Oracle America, Inc. v. Terix Computer Company, Inc., Case No. 13-cv-3385 (N.D. Cal.), Sun Microsystems, Inc.'s Form 10-K for the fiscal year ending June 30, 2009, and the Oracle Hardware and Systems Support Policies, including the Oracle policy for "Oracle Premier Support for Operating Systems."  Pursuant to Federal Rule of Evidence 201(b), "[t]he court may

United States District Court
Northern District of California

1   judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known

2   within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from

3   sources whose accuracy cannot reasonably be questioned." Id.

4       Courts routinely take judicial notice of SEC filings under Rule 201, and thus the request

5   for judicial notice of Sun's Form 10-K will be granted. See, e.g., SEC v. Bardman, Case No. 16-

6   cv-02023-JST, 2016 WL 6276995 (N.D. Cal. Oct. 27, 2016) ("Matters of public record, including

7   public filings with the SEC, may be judicially noticed."). The Court also takes judicial notice of

8   the existence of Oracle's Hardware and Systems Support Policies "during the relevant time

9   periods because they were publicly available on [Oracle's] website and their existence cannot

10  reasonably be questioned." See Opperman v. Path, Case No. 13-cv-00453, 2016 WL 4719263, at

11  *2 n.3 (N.D. Cal. Sept. 8, 2016). The Court declines to take judicial notice of the deposition

12  testimony of HP's corporate designee, as "the contents of a declaration or a deposition are not

13  clearly established 'facts' and therefore are inappropriate for judicial notice." Burnell v. Marin

14  Humane Soc'y, Case No. 14-cv-04635-JSC, 2015 WL 6746818, at *2 n.1 (citing In re Oracle

15  Corp. Sec. Litig., 627 F.3d 376, 386 n.1 (9th Cir. 2010)).

16      **B.    Affirmative Defenses**

17      Plaintiff moves to strike affirmative defenses Nos. 2-10 on the grounds that under Federal

18  Rule of Civil Procedure 12(f) they fail either to provide fair notice of the bases of HP's defenses or

19  to satisfy the Twombly/Iqbal pleading standard. ECF No. 99 at 8. The affirmative defenses that

20  Oracle moves to strike are: (2) laches; (3) estoppel; (4) abandonment; (5) copyright misuse;

21  (6) statute of limitations; (7) fair use; (8) express and implied license; (9) Copyright Act Section

22  117; and (10) unclean hands. ECF No. 87 at 13-20. The Court addresses each disputed affirmative

23  defense in turn.

24      **1.    Second Affirmative Defense**

25      Oracle argues that laches, HP's second affirmative defense, "is not a viable defense to a

26  copyright claim." ECF No. 99 at 30. Oracle relies primarily on the Supreme Court's holding in in

27  Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S.Ct. 1962, 1973 (2014). There, the Court held that

28  "laches is a defense developed by courts of equity; its principal application was, and remains, to

United States District Court
Northern District of California

1   claims of an equitable cast for which the Legislature has provided no fixed time limitation." Id. at

2   1973.  Accordingly, the Court found, "in [the] face of a statute of limitations enacted by Congress,

3   laches cannot be invoked to bar legal relief." Id. at 1974.  This disposes of HP's right to assert

4   laches as to Oracle's copyright claims.

5          The Court believes that the reasoning of Petrella extends to Oracle's state law claims as

6   well.  As Judge Grewal found in the underlying Oracle v. Terix litigation, while Petrella

7   "primarily addressed the Copyright Act, the Court's reasoning logically extends the basic premise

8   to all statutory frameworks that include a statute of limitations." Oracle Am., Inc. v. Terix

9   Computer Co., Inc., No. 5:13-CV-03385-PSG, 2015 WL 1886968, at *4 (N.D. Cal. Apr. 24,

10  2015).  This includes Oracle's state law claims for copyright infringement, interference with

11  contract, and intentional interference with prospective economic relations, each of which is subject

12  to a statute of limitations.   HP has provided no "authority suggesting that laches is applied

13  differently under state law than under federal law." Terix, 2015 WL 1886968, at *4.  The Court

14  thus strikes HP's laches defense.

15                       **2.      Third Affirmative Defense**

16         HP also asserts an estoppel defense.  The defense of estoppel includes four necessary

17  elements:  (1) the plaintiff must know the facts of the defendant's infringing conduct; (2) the

18  plaintiff must intend that its conduct shall be acted on or must so act that the defendant has a right

19  to believe that it is so intended; (3) the defendants must be ignorant of the true facts; and (4) the

20  defendant must rely on the plaintiff's conduct to its injury.   McIntosh v. N. Cal. Universal Enters.

21  Co., 670 F. Supp. 2d 1069, 1101 (E.D. Cal. 2009) (citing Hampton v. Paramount Pictures Corp.,

22  279 F. 2d 100, 104 (9th Cir. 1960)).

23         Defendant's estoppel claim is adequately pleaded to survive at this stage.  HP alleges that

24  Oracle/Sun knew that they had copyrights in their underlying works; that they intended that Terix

25  and others would use these copyrighted materials "for little or no cost and without any

26  requirement that customers agree to support or service contracts"; that Terix and HP reasonably

27  inferred that Oracle intended to "relinquish enforcement of its copyrights when it did not attempt

28  to enforce them upon learning of Terix's conduct"; and that HP/Terix "relied to their detriment on

                                              4

United States District Court
Northern District of California

the misleading conduct." ECF No. 87 at 14-15.  Oracle's arguments that HP fails to state "how Sun could have possibly been aware that Terix was infringing its copyrights," ECF No. 99 at 23-24, and that HP was clearly aware of required support agreements are factual disputes that cannot be addressed in a motion to dismiss.  Taken as true, HP has alleged facts sufficient to support an estoppel defense.

### 3.     Fourth Affirmative Defense

HP also pleads an affirmative defense of abandonment.  "Abandonment of the copyright occurs only if there is an intent by the copyright proprietor to surrender rights in his work. Moreover, there is strong authority holding that an overt act evidencing such an intent is necessary to establish abandonment."  4 Nimmer on Copyright § 13.06; see also Terix, 2015 WL 1886968, at *3 (citing A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1026 (9th Cir. 2001)).  While the Court agrees with Oracle that a "lack of action" alone is insufficient, "[b]eyond this, what does or does not constitute abandonment appears to be a highly fact-specific inquiry."  Marya, 131 F. Supp. 3d at 992.

Oracle argues that "knowingly allowing something does not constitute an overt act for purposes of abandonment."  ECF No. 99 at 25 (citing Hampton v. Paramount Pictures Corp., 279 F.2d 100, 104 (9th Cir. 1960); Marya v. Warner/Chappell Music, Inc., 131 F. Supp. 3d 975 (C.D. Cal. 2015)).  Yet the cases Oracle references analyze only a "lack of action," and "fail[ure] for a period of over twenty-five years to take any action," Hampton, 279 F.2d at 103-04, but do not address a situation in which a plaintiff  acquired copyrighted material that had been previously supplied "for little or no cost" and without a required contract, ECF No. 87 at 16, and where the plaintiff had knowledge of that fact and then proceeded to take no action to enforce the copyright.

While the Court expresses no view as to whether HP will prevail on this defense, Defendant's allegation that Oracle failed to take steps to prevent unauthorized downloads by third parties, "allow[ing] Terix to continue operating its business after learning of Terix's conduct," *in addition* to knowledge that Sun had been supplying its updates for free without a contract, is sufficient to plead a claim of abandonment.  ECF No. 87 at 16.

#### 4.      Fifth Affirmative Defense

HP's fifth affirmative defense is copyright misuse.  HP fails to allege the necessary facts to support such a defense.

"Copyright misuse is a judicially crafted affirmative defense to copyright infringement." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1157 (9th Cir. 2011).  The purpose of the defense is to prevent "holders of copyrights 'from leveraging their limited monopoly to allow them control of areas outside the monopoly.'"  Apple, 658 F.3d at 1157 (quoting A&M Records v. Napster, Inc., 239 F.3d 1004 (9th Cir. 2001)).  Copyright holders may "use their limited monopoly to leverage the right to use their work on the acceptance of specific conditions" but they may not "[use] the conditions to stifle competition."  Id.  "A software licensing agreement may reasonably restrict use of the software as long as it does not prevent the development of competing products."  Id. at 1159.

HP does not allege that Oracle was using the restrictions in its licensing agreements to "prevent the development of competing products."  Apple, 658 F.3d at 1159.  Nor does it suggest that Oracle was "leveraging [its] limited monopoly to allow [it] control of areas outside [its] monopoly."  Id. at 1157.  It simply suggests that Oracle decided to enforce its limited monopoly after it had allegedly been failing to do so.  These allegations do not show the competitive injury that the copyright misuse defense is intended to address.

Contrary to HP's argument that "[p]leading a violation of public policy for purposes of copyright misuse is not a heavy burden," the Ninth Circuit applies the doctrine "sparingly."  Id. While "'a defendant in a copyright infringement suit need not prove an antitrust violation to prevail on a copyright misuse defense,'" Omega S.A. v. Costco Wholesale Corp., 776 F.3d 692 (9th Cir. 2015) (quoting Practice Mgmt. Info. Corp. v. American Medical Ass'n, 121 F.3d 516, 521 (9th Cir. 1997) (Wardlaw, J., concurring)), it must allege that the plaintiff is misusing its copyrights in an attempt to stifle competition or otherwise abuse its monopoly.  HP makes no such allegations.  Instead, it alleges only harm to Oracle's customers.  ECF No. 119 at 15.

The Court will strike HP's copyright misuse defense without prejudice.

United States District Court
Northern District of California

### 5.    Sixth Affirmative Defense

HP also advances an affirmative defense based on the statute of limitations.  ECF No. 87 at 17.  In arguing that this defense fails, Oracle disputes HP's factual basis but fails to cite anything at all to further support its argument.  "When ruling on a motion to strike, a court views the pleading under attack in the light most favorable to the nonmoving party."  <u>Barnes & Noble, Inc. v. LSI Corp.</u>, 849 F. Supp. 2d 925, 928-29 (N.D. Cal. 2012) (citation omitted).  Questions of fact exist as to what Oracle knew and when, and Oracle has not shown that "under no set of circumstances could the defense succeed."  <u>Haskins v. Cheroke Grand Ave., LLC</u>, 2012 WL 1110014, at *3 (N.D. Cal. Apr. 2, 2012) (quoting <u>Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.</u>, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002)).  Since the "insufficiency of [HP' statute of limitations] defense is not clearly apparent," the Court declines to strike it.  <u>Id.</u> (quoting Fed. Practice & Procedure § 1381)).

### 6.    Seventh Affirmative Defense

HP's seventh affirmative defense is fair use.  One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner if doing so would advance the public interest.  Such use of a copyrighted work is called a "fair use."  In determining whether the use made of a work in any particular case is a fair use, a court must consider at least the following factors:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.  Oracle argues that HP has not alleged facts that could establish fair use under either the first, third, or fourth factors.

With regard to the first factor, while Oracle may ultimately prevail on its claim that HP's use was not sufficiently transformative, courts have held that "[w]hile a transformative use

United States District Court
Northern District of California

1  generally is more likely to qualify as fair use, transformative use is not absolutely necessary for a

2  finding of fair use." Terix, 2015 WL 1886968, at *6 (quoting The Swatch Grp. Mgmt. Serv. LTD

3  v. Bloomberg L.P., 756 F.3d 73, 84 (2d Cir. 2014)).  Moreover, defendants contend that the

4  purpose of its alleged infringing use was to provide "technical support services, maintenance, and

5  repair," and that "[t]he process of combining customers' original Oracle software installations

6  with the various coding patches and other updates for each customer's unique server configuration

7  through the alleged infringing uses created a customized, transformative final work."  ECF No. 87

8  at 18.  This is enough, at this stage, to sufficiently plead the defense of fair use.

9      It is unnecessary to analyze the remaining factors in detail here.  Both parties argue over

10  the "mixed question[s] of law and fact" presented by the fair use doctrine with regard to all of the

11  factors.  Erickson Prods., Inc. v. Kast, 2014 WL 1652478, at *3 (N.D. cal. Apr. 23, 2014).  Since

12  the Court cannot say that "there are no genuine issues of material fact," or that "a reasonable trier

13  of fact can reach only one conclusion," the Court cannot "conclude as a matter of law whether the

14  challenged use qualifies as fair use of the copyrighted work."  Id. (quoting Dhillon v. Does 1-10,

15  No. C13-01465 SI, 2014 WL 722592, at *3 (N.D. Cal. Feb. 25, 2014)).  HP may not ultimately

16  succeed on a fair use defense, but its allegations at this stage are sufficient.

17      **7.      Eighth Affirmative Defense**

18      Oracle argues that HP has failed to adequately establish an express license defense,

19  because it has not identified the agreements that it believes permit its use of Oracle's software.

20  ECF No. 99 at 15.  "It is an affirmative defense to copyright infringement that the alleged infringer

21  has received a license from the owner."  Michaels v. Internet Entm't Grp., Inc., 5 F. Supp. 2d 823,

22  831 (C.D. Cal. Apr. 27, 1998) (citing Rano v. Sipa Press, Inc., 987 F.2d 580, 585 (9th Cir. 1993)).

23  "Since . . . evidence of a license is readily available to the alleged licensee, it is sensible to place

24  upon that party the burden of coming forward with evidence of a license."  Bourne v. Walt Disney

25  Co., 68 F.3d 621, 631 (2d Cir. 1995); see also Oracle USA, Inc. v. Rimini Street, Inc., 6 F. Supp.

26  3d 1086, 1093 (D. Nev. 2014) ("[Defendant] has the initial burden to identify any license

27  provision(s) that it believes excuses its infringement.").  The Court agrees with Oracle that HP has

28  not identified in its amended answer "what license [it] was relying on" or "under what

8

United States District Court
Northern District of California

circumstances it was granted." ECF No. 99 at 17. HP states only that "Oracle expressly or impliedly granted licenses," without any factual support. ECF No. 87 at 19. HP argues that "Oracle specifically pleads the license at issue in its complaint," but this is not sufficient to meet HP's burden of identifying the license at issue when setting forth its affirmative defenses. ECF No. 107 at 28. Moreover, while HP correctly identifies that an "implied license defense" does not "involve reliance upon any particular document," HP's implied license defense is a conclusory statement devoid of any factual support. Id. The Court will strike HP's Eighth Affirmative Defense without prejudice.

### 8. Ninth Affirmative Defense

Oracle argues that HP's defense based on Copyright Act section 117 fails. 17 U.S.C. section 117 provides that it is not an infringement under the Copyright Act for "the owner or lessee of a machine to make or authorize the making of a copy of a computer program if such copy is made solely by virtue of the activation of a machine that lawfully contains an authorized copy of the computer program, for purposes only of maintenance or repair of that machine." § 117(c). Defendant must then prove that "(1) such new copy is used in no other manner and is destroyed immediately after the maintenance or repair is completed; and (2) with respect to any computer program or part thereof that is not necessary for that machine to be activated, such program or part thereof is not accessed or used other than to make such new copy by virtue of the activation of the machine." Id.

HP claims that "HPE and Terix customers authorized the making of a copy of Sun material as an essential step in the utilization of Sun software in conjunction with the customers' servers for the sole purpose of maintaining or repairing the servers." ECF No. 87 at 19. Oracle alleges that HP's customers did not already have lawful, authorized copies of the program. Whether the machines at issue "lawfully contain[ed] an authorized copy of the computer program," however, is a factual dispute between the parties that cannot be resolved at this juncture. The Court declines to strike HP's Ninth Affirmative Defense.

### 9. Tenth Affirmative Defense

Oracle argues that HP's unclean hands defense also fails. "In the Ninth Circuit, unclean

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

hands is a defense to copyright infringement 'when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action.'" Terix, 2015 WL 1886968, at *5 (quoting Dream Games of Ariz., Inc. v. PC Onsite, 561 F.3d 983, 990-91 (9th Cir. 2009)). "The defense of unclean hands by virtue of copyright misuse prevents the copyright owner from asserting infringement and asking for damages when the infringement occurred by his dereliction of duty.  Plaintiff's action will be dismissed under the theory of unclean hands if defendant establishes that plaintiff's evidence was false and that plaintiff was involved in a scheme to defraud the public." Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors, 786 F.2d 1400, 1408 (9th Cir. 1986).  While in Terix this defense proceeded where it was based on "Oracle's alleged anti-competitive conduct," the Court has already addressed, with regard to HP's copyright misuse defense, that HP has failed to adequately plead any anti-competitive conduct resulting in copyright misuse.  Therefore, this defense also fails. Accordingly, the Court will strike HP's unclean hands defense without prejudice.

## CONCLUSION

The Court denies Oracle's Motion to Strike with respect to HP's Affirmative Defenses Nos. 3, 4, 6, 7, and 9.  The Court grants Oracle's Motion to Strike with respect to HP's Affirmative Defenses Nos. 2, 5, 8, and 10, with leave to amend.  Any amended pleading shall be filed within 14 days.

IT IS SO ORDERED.

Dated:  February 16, 2017

_____
JON S. TIGAR
United States District Judge

10