UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>HEWLETT PACKARD ENTERPRISE COMPANY,<br>　　　　Defendant. | Case No. 16-cv-01393-JST<br><br>**ORDER GRANTING MOTION IN LIMINE**<br>Re: ECF No. 143 |

　　　Before the Court is Plaintiff Oracle America, Inc.'s ("Oracle") Motion in Limine to Admit Prior Depositions. ECF No. 143. The Court will grant the motion.

## I.　BACKGROUND

　　　Plaintiff Oracle filed this lawsuit against Defendant Hewlett Packard Enterprise ("HP") for copyright infringement, intentional interference with contract, intentional interference with prospective economic relations, and unfair competition. ECF No. 1 at 22-28. The complaint alleges that HP partnered with a third party software support provider, TERiX Computer Company, Inc. ("Terix"), and wrongfully provided consumers with updates for Oracle's proprietary software. Id. at 2. In a previous litigation, Terix stipulated to judgment in favor of Oracle for this same conduct. Id. Oracle learned of HP's participation in the wrongdoing during the lawsuit against Terix, and now brings this lawsuit to recover against HP. Id. at 3. Oracle deposed many Terix employees "regarding how Terix accessed [Oracle's software] patches and delivered them to consumers," and also deposed customers that were serviced by both Terix and HP. ECF No. 143 at 11-12. Oracle also deposed HP in its capacity as a Terix partner about the provision of support to certain customers. Id. at 14. Oracle employees, too, were deposed on a number of topics that overlap with issues in the present lawsuit. Id. at 15.

Oracle filed this lawsuit on March 22, 2016. ECF No. 1. According to Oracle, there are considerable similarities between this case and the Terix litigation because HP facilitated Terix's conduct and a significant portion of HP's liability is derivative of Terix's conduct. ECF No. 143 at 16. On November 11, 2016, Oracle sent HP a draft Stipulation Regarding Previous Depositions ("Stipulation") that would have resulted in the parties treating various depositions from the Terix litigation as if they had been taken in the present case, and which proposed that HP would be allowed to take further testimony or cross-examine any of the witnesses if it so desired.[1] Id. The purpose of the Stipulation was to avoid duplicative testimony, avoid needless expense and burden on either party, and promote efficiency. Id. at 17. HP did not agree to the Stipulation, and instead asked Oracle to "identify with specificity each portion of each deposition from the Terix case that Oracle may want to use." Id. Oracle then filed this motion asking the Court to allow the use of the Terix depositions in the present action.

## II.  LEGAL STANDARD

A deposition taken in an earlier state or federal action "may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action." Fed. R. Civ. P. 32(a)(8). "The decision whether to admit a deposition from a prior lawsuit is vested in the district court's sound discretion." Hub v. Sun Valley Co., 682 F.2d 776, 777 (9th Cir. 1982). Rule 32(a)'s requirements "that the prior and present lawsuits involve the 'same subject matter' and 'the same parties or their representatives or successors in interest'" are "construed liberally in light of the twin goals of fairness and efficiency." Id. at 778. Typically, a deposition from an earlier action is not admissible in a later action if one of the parties was not represented at the time of the deposition, but "the presence of an adversary with the same motive to cross-examine the deponent" is a well-recognized exception to the rule. Id. (citing cases). "The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit." Id.

---

[1] In total, Oracle asks the Court to admit twenty-three of the Terix depositions in the present matter. See ECF No. 143 at 18-19.

2

## III. DISCUSSION

Oracle argues that the earlier depositions from the Terix litigation should be admitted in the interest of fairness and efficiency. Retaking the depositions would be repetitive and inconvenient for both Oracle and the witnesses because it would require Oracle to interview the very same people to recite the exact same questions. ECF No. 143 at 7. HP's rejection of the Stipulation, Oracle argues, has no other purpose than to "mak[e] this case as burdensome for Oracle as possible." Id. On the other hand, HP argues that it would be dramatically unfair to HP to admit the depositions because HP was not a party in the previous case and was not present at the depositions to defend itself. ECF No. 161 at 6. Terix did not have the same motive to cross-examine Oracle during the depositions as HP has now, HP argues, because Terix had the incentive to "aggrandize" HP's role in the misconduct and to "shift responsibility upstream" to HP in order to minimize its own culpability. Id. HP suggests that the fairest and most efficient course of action would be for Oracle to designate with particularity the portions of each individual deposition it would like HP to stipulate to, and Oracle can file separate motions with respect to each portion or deposition that HP rejects. Id. at 7.

The Court does not find that HP's suggested approach would be the fairest or most efficient course. In fact, given the parties' discovery history to date, see ECF Nos. 90, 96, 105, 111, 130, 133, it likely that the parties would consume as much time reviewing, designating, and debating the admissibility of portions of the prior depositions as they would retaking them from scratch. This is particularly so when the Court's time is factored in. The Court therefore declines to endorse HP's suggested approach.

Oracle's proposed Stipulation is consistent with Rule 32 and is the fairest and most efficient approach. Rule 32 requires that the earlier depositions involve the same subject matter and same parties. Fed. R. Civ. P. 32(a)(8). In terms of subject matter, "courts have required only a substantial identity of issues," rather than the exact same subject matter. Hub, 682 F.2d at 778. The depositions at issue involve HP's partner Terix, in a litigation of similar claims, where Terix's alleged misconduct was essentially the same as what Oracle alleges against HP in the present suit. See ECF No. 143 at 22. The Court finds there is sufficient overlap in the subject matter of the

depositions and the subject matter of this case to satisfy the "substantial identity of issues" standard.

As for Rule 32's same parties requirement, there is a well-accepted exception that a deposition from a previous proceeding is admissible if "an adversary [was present] with the same motive to cross-examine the deponent." Hub, 682 F.2d at 778 (citing cases); Hynix Semiconductor Inc. v. Rambus Inc., 250 F.R.D. 452, 458 (N.D. Cal. 2008) ("The modern test does not require privity between the current party and the party who participated in the prior proceeding."); Ikerd v. Lapworth, 435 F.2d 197, 205 (7th Cir. 1970) ("Although it is generally the rule that a deposition is not admissible as to one not having the opportunity to be represented at its taking, the presence of an adversary with the same motive to cross-examine the deponent and identity of issues in the case in which the deposition was taken with the one in which it is sought to be used provide a well-recognized exception to the rule."). HP attempts to side-step this exception by arguing that the Ninth Circuit has a "clear preference for the longstanding, traditional view of Rule 32(a)" and follows the rule's plain textual meaning. ECF No. 161 at 11. HP supports this proposition by pointing to a footnote in Hub,[2] but ignores the fact that the Ninth Circuit "reserve[d] for another day deciding whether the presence of an adversary with the same motive to cross-examine is sufficient." Hub, 682 F.2d at 778 (9th Cir. 1982). The comments in the footnote are dictum.

---

[2] The footnote in Hub reads:

> Wigmore defends the adequacy of an adversary with the same motive to cross-examine on the ground that "where the interest of the person was calculated to induce equally as thorough a testing by cross-examination, then the present opponent has had adequate protection for the same end." 5 Wigmore on Evidence s 1388 (4th ed. 1940). A number of the cases cited in the prior paragraph above adopt Wigmore's test. We, however, find it troubling. Not only does the test disregard the "same parties" requirement in Rule 32(a), but it also fails to take into account the possibility that the prior opponent mishandled the cross-examination. When that has happened, we question whether the deposition should be admitted against a party who did not participate in the cross-examination. Our purpose here is not to resolve this issue. Instead, we want to make clear only that our citing cases that adopt Wigmore's test does not mean that we adopt it.

682 F.2d at 778.

1   Cases in this district addressing the Ninth Circuit's skepticism of the exception have arrived at opposing conclusions. See Affinity Labs of Texas, LLC v. Apple Inc., No. C 09-04436 CW, 2011 WL 232521, at *1-2 (N.D. Cal. Jan. 24, 2011) (denying a motion in limine to introduce three depositions); Hynix Semiconductor, supra, 250 F.R.D. at 453, 458 (N.D. Cal. 2008) (holding that "a previous party having like motive to develop the testimony about the same material facts" is sufficient to qualify as a predecessor in interest, despite the fact that the Ninth Circuit has not formally adopted the exception (quoting Jones et al., Rutter Group Practice Guide: Federal Civil Trials & Evidence ¶ 8:3061 (The Rutter Group 2007))).

In this case, the Court finds that a reasonable party who opposes admission of the depositions would be satisfied by Terix's prior cross-examination. The issues significantly overlap, Terix asserted similar defenses to the ones HP asserts now, Terix is HP's longtime partner, and Terix had a similar motive to develop testimony against Oracle. ECF No. 143 at 22-24. HP argues that Terix's interests and motives did not align with HP's because Terix would have benefitted from "minimizing its own role and aggrandizing [HP's] involvement" in order to offset its own liability. ECF No. 161 at 17. If HP is concerned that the depositions cast blame on HP more than they develop testimony against Oracle, HP is welcome to conduct further cross-examinations as Oracle initially offered in its Stipulation. This would be more efficient than rejecting the depositions altogether and forcing the parties to conduct entirely new depositions from scratch.

HP takes issue with Oracle's "blanket approach" to admitting the prior depositions, and asks that Oracle be required to provide more particularized designations. ECF No. 161 at 12-14. Oracle has limited the number of depositions it wishes to admit to twenty-three out of the more than seventy depositions taken in the Terix litigation. ECF No. 171 at 6. The case law HP cites does not support its assertion that Oracle must designate specific sections within each of the depositions in addition to specifying the twenty-three depositions it asks the Court to admit. See e.g., Plunk v. Hobbs, No. 5:08CV00203 SWW-JWC, 2010 WL 3927041, at *2 (E.D. Ark. Oct. 5, 2010) (denying Petitioner's motion in limine requesting that "any" deposition taken from him be excluded); In re Paramount Payphones, Inc., 256 B.R. 341, 344 (Bankr. M.D. Fla. 2000) (finding

that "plaintiff's failure to specify, other than in a cursory fashion, what portion, to what extent, and for what purpose she seeks to use" the depositions made the court's analysis more difficult, but not that it was a ground to dismiss the motion). Rule 32 does not indicate that earlier depositions may only be admitted if specific portions have been designated. See Fed. R. Civ. P. 32. The Court concludes that Oracle's request is consistent with Rule 32 and the goals of fairness and efficiency.

As HP points out, the depositions Oracle seeks to admit took place over twenty-nine sittings and amount to 6,000 transcript pages. ECF No. 160 at 6; compare Affinity Labs, 2011 WL 232521, at *1-2 (denying a motion in limine to introduce only three depositions). The goals of fairness and efficiency would not be advanced by forcing the parties to recreate this testimony. Nor would it be fair or efficient, at this stage, for the parties to haggle over each page, which would inevitably lead to countless further motions in limine. The depositions involve substantially the same issues and a common adversary, and HP will not be unduly prejudiced if the depositions are admitted. HP is free to conduct further cross-examination of any of the witnesses if it so desires. The requirements of Rule 32 are therefore satisfied and allowing the depositions serves the interests of fairness and efficiency.[3]

**CONCLUSION**

For the foregoing reasons, the Court grants Oracle's motion in limine.

**IT IS SO ORDERED.**

Dated: April 24, 2017

_____
JON S. TIGAR
United States District Judge

---

[3] This order does not decide whether the depositions, or any specific portion of them, are admissible at trial. The parties remain free to move *in limine* for their exclusion as they would any other deposition taken in this action.

6