UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>　　　　Defendant. | Case No. 16-cv-01393-JST<br><br>**ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSE**<br><br>Re: ECF No. 207 |

Before the Court is Plaintiff's Motion to Strike Defendant's Affirmative Defense of unclean hands. ECF No. 207. The Court will grant the motion with prejudice.

## I.　BACKGROUND

This is a copyright infringement action brought by Oracle America, Inc. ("Oracle") against Hewlett Packard Enterprise Company ("HPE"). On March 22, 2016, Oracle filed its Complaint against HPE, asserting several claims for copyright infringement under 17 U.S.C. §§ 101 *et seq.*, as well as state law claims for intentional interference with contractual relations, economic relations, and unfair competition under California Business and Professions Code § 17200. Oracle previously moved to strike several affirmative defenses asserted by HPE, which the Court granted in part and denied in part without prejudice. ECF No. 174. HPE then filed the operative second amended answer ("SAA") on March 2, 2017, re-asserting several affirmative defenses, including an unclean hands defense. ECF No. 179. Oracle subsequently filed a motion to strike HPE's unclean hands defense, which motion the Court now considers. ECF No. 207. HPE opposes the motion. ECF No. 216.

## II.　LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a district court may strike from the pleadings "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is

insufficiently pleaded if it fails to give a plaintiff "fair notice" of the nature of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). Although the Ninth Circuit has not addressed whether the Twombly/Iqbal heightened pleading standard applies to motions to strike affirmative defenses, the Court agrees with the many judges in this district who have found that it does. See, e.g., Hernandez v. County of Monterey, 306 F.R.D. 279, 283 (N.D. Cal. 2015) ("Most district courts in this circuit agree that the heightened pleading standard of Twombly and Iqbal . . . is now the correct standard to apply to affirmative defenses.") (internal quotation marks omitted); Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp. 2d 925, 928 (N. D. Cal. 2012) ("Most courts have held that the Iqbal/Twombly pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief.").

Applying this heightened pleading standard requires a defendant to provide "some valid factual basis for pleading an affirmative defense" and allows a district court to "weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings." Barnes, 718 F. Supp. 2d at 1172 (internal quotation marks omitted). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." Hernandez, 306 F.R.D. at 284. If an affirmative defense is stricken, the court should freely grant leave to amend when doing so would not cause prejudice to the opposing party. Wyshak, 607 F.2d at 826. In ruling on the motion, the Court "views the pleading under attack in the light most favorable to the nonmoving party." Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp. 2d 925, 929 (N.D. Cal. 2012).

**III. DISCUSSION**

Oracle moves once again to strike HPE's affirmative defense of unclean hands because it "repleads the exact same theory of unclean hands that the Court rejected in its February 16 Order." ECF No. 207 at 5.

"[A] defendant asserting that a plaintiff's claim is barred by unclean hands must show that the plaintiff acted unfairly or fraudulently respecting the matter in controversy." Ample Bright Dev., Ltd. v. Comis Int'l, 913 F. Supp. 2d 925, 940 (C.D. Cal. 2012). "To establish unclean hands,

2

a defendant must demonstrate (1) inequitable conduct by the plaintiff; (2) that the plaintiff's conduct directly relates to the claim which it has asserted against the defendant; and (3) plaintiff's conduct injured the defendant." Taylor Holland LLC v. MVMT Watches, Inc., No. 2:15-CV-03578-SVW-JC, 2016 WL 6892097, at *11 (C.D. Cal. Aug. 11, 2016) (quoting Survivor Prods. LLC v. Fox Broad. Co., No. CV01–3234 LGB (SHX), 2001 WL 35829270, at *3 (C.D. Cal. June 12, 2001)). "In the Ninth Circuit, unclean hands is a defense to copyright infringement 'when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action.'" Oracle Am., Inc. v. Terix Computer Co., Inc., No. 5:13-CV-03385-PSG, 2015 WL 1886968, at *5 (N.D. Cal. Apr. 24, 2015) (quoting Dream Games of Ariz., Inc. v. PC Onsite, 561 F.3d 983, 990–91 (9th Cir.2009) (internal citations and footnotes omitted).

HPE's prior unclean hands defense was based on its allegation of copyright misuse. In evaluating the copyright misuse defense, this Court held that Oracle's decision "to enforce its limited monopoly after it had allegedly been failing to do so . . . do[es] not show the competitive injury that the copyright misuse defense is intended to address," ECF No. 174 at 6, and that HPE had "failed to adequately plead any anti-competitive conduct resulting in copyright misuse," id. at 10. It dismissed both defenses.

In its SAA, HPE argues a "new" unclean hands theory that Oracle "engaged in an inequitable, unjust, and anti-competitive bait-and-switch" because it "induced rightful licensees (and third-party support providers) to expose themselves to potential liability." ECF No. 179 at ¶¶ 26, 39. HPE alleges that "[i]n purchasing or licensing their Sun products, Sun's customers had relied on a reasonable expectation that the longstanding Sun practices and policies would remain in place, in accordance with the terms of the BCL and SLA licenses," but then Oracle "suddenly and arbitrarily chang[ed] its practices . . . and [chose] instead to threaten rightful licensees (and third-party support providers) with litigation." Id. at ¶¶ 35, 39. HPE also argues that its new unclean hands theory is substantially different because it is based on Oracle's "stubbornly maintain[ing]—deceptively and in bad faith—that *no change in policy or practice had occurred at all*," after lulling "licensees into a false sense of security by repeatedly assuring them, through express communications and affirmative conduct, that they were well within their express rights

3

1   freely to use purportedly protected materials . . . without fear of infringing upon Sun's
2   copyrights." ECF No. 216 at 9-10. Oracle was not merely enforcing a dormant right, HPE
3   contends, but engaging in an "inequitable attempt to evade Sun's prior commitments and target
4   both innocent third-party support providers and rightful licensees." ECF No. 216 at 10.

5   This new iteration of HPE's unclean hands defense suffers from several infirmities. First,
6   the claimed key difference between this version and the prior one– that Oracle not only allegedly
7   changed its policies but maintained publicly that it had not done so – appears nowhere in the SAA
8   itself. Rather, the claim appears for the first time in HPE's opposition brief. The theory of
9   unclean hands actually presented in the SAA is essentially the same as the one it previously
10  presented, even if HPE no longer ties the defense to an allegation of copyright misuse. See ECF
11  No. 119 at 22 ("HPE alleges that Oracle misused its copyrights by engaging in an unjust and anti-
12  competitive bait-and-switch, whereby it 'induc[ed] [its] customers to violate [its] copyrights' by
13  freely permitting them to install Solaris updates and patches for years, and then suddenly requiring
14  these same customers to pay for Oracle support contracts in order to continue receiving the
15  updates." (quoting Amended Answer at 15-16)). As the Court explained in its order dismissing
16  HPE's prior unclean hands defense, copyright law allows Oracle to make the "discretionary
17  decision as to when and how to supply patches (*i.e.*, only making most available to paying
18  customers.)" Terix, No. 13-cv-03385 at ECF No. 611 at 10. A change in policy by itself does not
19  constitute unclean hands.

20  Second, HPE has failed to allege how Oracle's alleged conduct injured HPE. "The defense
21  of unclean hands may be asserted in a copyright infringement action only where the defendant can
22  show that he has personally been injured by the plaintiff's conduct." Broderbund Software, Inc. v.
23  Unison World, Inc., 648 F. Supp. 1127, 1138 (N.D. Cal. 1986). HPE acknowledged at the hearing
24  on this motion, however, that Oracle's alleged representations regarding its copyright enforcement
25  policies were made to third parties, not to HPE. HPE's allegation that it was somehow injured by
26  virtue of its status as a participant in the same market as those parties is too attenuated and
27  insubstantial to support an unclean hands defense. HPE's real concern at bottom is that Oracle has
28  now brought a lawsuit to enforce its copyrights after allegedly representing that it would not

enforce them. "But the filing of a lawsuit cannot itself form the basis of an unclean hands defense." Taylor Holland, 2016 WL 6892097 at *12.

HPE cites Malibu Media, LLC v. Guastaferro, 2015 WL 4603065, at *3-*4 (E.D. Va., July 28, 2015) in opposition to Oracle's motion. HPE nowhere alleges the kind of inequitable conduct present in that case. HPE has not alleged, for example, that Oracle "facilitate[ed] infringing" behavior "in an attempt to [later] 'extract exorbitant sums from [others] for alleged copyright infringement.'" Id. at *3; see also Saxon v. Blann, 968 F.2d 676, 680 (8th Cir. 1992) ("Saxon admitted at trial that . . . he slightly revised the book . . . *in order to take business away* from Blann," and thus the "district court found that Saxon acted with the 'requisite scienter'" for unclean hands.). Nor does HPE allege any similarly inequitable conduct.

## CONCLUSION

The Court strikes HPE's unclean hands affirmative defense. Because the Court concludes that amendment would be futile, leave to amend is denied.

IT IS SO ORDERED.

Dated: May 26, 2017

_____
JON S. TIGAR
United States District Judge