LATHAM & WATKINS LLP
   Christopher S. Yates (SBN 161273)
   Christopher B. Campbell (SBN 254776)
   Brittany N. Lovejoy (SBN 286813)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415.391.0600
Facsimile: 415.395.8095
Email: chris.yates@lw.com
       christopher.campbell@lw.com
       brittany.lovejoy@lw.com

ORACLE CORPORATION
   Dorian Daley (SBN 129049)
   Deborah K. Miller (SBN 95527)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94065
Telephone: 650.506.4846
Facsimile: 650.506.7114
Email   dorian.daley@oracle.com
       deborah.miller@oracle.com

ORACLE CORPORATION
   Jeffrey S. Ross (SBN 138172)
10 Van de Graaff Drive
Burlington, MA 01803
Telephone: 781.744.0449
Facsimile: 781.238.6273
Email: jeff.ross@oracle.com

Attorneys for Plaintiffs
Oracle America, Inc., and Oracle International Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware corporation; ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>       Plaintiffs,<br><br>   v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY, a Delaware corporation; and DOES 1–50,<br><br>       Defendants. | Case No. 16-cv-01393-JST<br><br>[PROPOSED] **STIPULATED SUPPLEMENTAL PROTECTIVE ORDER CONCERNING ORACLE SOURCE CODE** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] STIPULATED SUPPLEMENTAL PROTECTIVE
ORDER CONCERNING ORACLE SOURCE CODE
CASE NO. 16-CV-01393-JST

1     **WHEREAS,** the Court entered a Protective Order on August 16, 2016, Dkt 76 ("Protective Order").

**WHEREAS,** Plaintiffs Oracle America, Inc., and Oracle International Corporation (together, "Oracle") intend to produce source code for certain of their software at issue in this case (the "Oracle source code").

**WHEREAS,** Oracle considers the Oracle source code to be among the most highly confidential and sensitive assets of the company.

**WHEREAS**, Oracle and Defendant Hewlett Packard Enterprise Co. ("HPE") stipulate and agree, and ask the Court to order, that the following protocols will apply to HPE's access to and use of the Oracle source code produced by Oracle following entry of this Supplemental Protective Order, in a production designated "Confidential Oracle Source Code Production," in addition to applicable restrictions in the Protective Order:

**A.    Source Code Protocols**

    1.    The following protocols shall apply to Oracle's production of Oracle source code, and HPE's access to and use of the Oracle source code for purposes of this case:

        a.  Oracle shall produce source code electronically and in text searchable form, which HPE will load onto secured and password-protected computers and store in a secure, locked physical location, or any other location mutually agreed upon by the parties;

        b.  HPE may show Oracle source code to the individuals described in paragraphs E.1.b, E.1.c, E.1.d, E.1.e, E.1.f, E.1.g, E.1.h, E.1.j of the Protective Order, and jurors. Other than individuals described in paragraphs E.1.d and E.1.e and jurors, all such individuals receiving Oracle source code must first sign Exhibit A of this Supplemental Protective Order.

          1.  For avoidance of doubt, the signature of one lead attorney for outside counsel of record Gibson, Dunn & Crutcher on Exhibit A of this Supplemental Protective Order shall represent the

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

1

[PROPOSED] STIPULATED SUPPLEMENTAL PROTECTIVE
ORDER CONCERNING ORACLE SOURCE CODE
CASE NO. 16-CV-01393-JST

compliance of all of the associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder.

c. HPE and its experts and consultants will store any hard copy media containing Oracle source code in secured, locked rooms;

d. Any computers HPE and its experts and consultants use to access Oracle source code will be secured and password-protected and stored in a secure, locked physical location when not in use or in the physical possession of an authorized custodian;

e. The computers referred to in paragraphs (a) and (d) will not have internet access or network access to other computers during the time the computers are used to access the Oracle source code, except individuals described in sections E.1.b and E.1.c of the Protective Order can access and/or exchange work-product containing portions of Oracle Source Code on computers that have network access provided that normal and ordinary procedures for protecting the network from unauthorized access are in place during the access and/storage of such work product;

f. The computers referred to in paragraphs (a) and (d) will be fully scanned by up-to-date antivirus software or similar functionality, before Oracle source code is loaded onto them;

g. No Oracle source code will be loaded onto the computers referred to in paragraphs (a) and (d) until all detected potential malware affecting unauthorized access is removed;

h. No input/output or storage device (USB, memory stick, thumb drive, optical disk drive, or similar) may be connected to the computers referred

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

[PROPOSED] STIPULATED SUPPLEMENTAL PROTECTIVE
ORDER CONCERNING ORACLE SOURCE CODE
CASE NO. 16-CV-01393-JST

to in paragraphs (a) and (d) while accessing Oracle source code, except that an encrypted hard drive may be used to store, copy, analyze, and/or allow access Oracle source code between and/or by persons described sections E.1.b and E.1.c of the Protective Order.

i. HPE and its experts and consultants may not copy, remove or transfer any portion of the Oracle source code except for (1) printouts of reasonable portions of the Source Code in accordance with the provisions of Section A(1)(j-k) of this Supplemental Protective Order; and (2) such other things to which the parties may agree or that the Judge may order;

j. At the request of the receiving party, Oracle shall within five (5) business days provide one (1) hard copy printout of the specific lines, pages, or files of the Source Code that HPE believes in good faith are necessary to understand a relevant feature of the Oracle software produced to HPE pursuant to this Supplemental Protective order, which shall not exceed 10 consecutive printed pages (8.5 by 11 inches) from any one file or 100 printed pages total without a showing of good cause by HPE. If Oracle objects in any manner to the production of the requested source code (e.g., the request is too voluminous or Oracle is not otherwise able to reasonably comply with the request), it shall state its objection within five (5) business days of HPE's request. In the event of a dispute, the parties will meet and confer within five (5) business days of the objection being raised and if they cannot resolve it the parties will raise it with the Judge.

k. Hard copy printouts of Source Code shall be provided on Bates numbered and watermarked or colored paper clearly labeled CONFIDENTIAL SOURCE CODE ATTORNEYS' EYES ONLY INFORMATION on each page. HPE's outside litigation counsel and/or qualified individuals listed in Section A(1)(a) of this Supplemental Protective Order will maintain the printouts in a secure locked area. HPE may also temporarily keep the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

[PROPOSED] STIPULATED SUPPLEMENTAL PROTECTIVE
ORDER CONCERNING ORACLE SOURCE CODE
CASE NO. 16-CV-01393-JST

|   |   |
|---|---|
| 1 | printouts at: (1) the relevant Courthouse for any proceeding(s) relating to |
| 2 | the Source Code, for the dates associated with the proceeding(s); (2) the |
| 3 | sites where any deposition(s) relating to the Source Code are taken, for the |
| 4 | dates associated with the deposition(s); and (3) any intermediate location |
| 5 | reasonably necessary to transport the printouts (e.g., a hotel prior to a |
| 6 | Court proceeding or deposition), provided that the Source Code shall be |
| 7 | maintained in a secure, locked physical location when not in use or in the |
| 8 | physical possession of an authorized custodian.  HPE shall exercise due |
| 9 | care in maintaining the security of the printouts at these temporary |
| 10 | locations. No further hard copies of such Source Code shall be made and |
| 11 | the Source Code shall not be transferred into any electronic format or onto |
| 12 | any electronic media except that: |

1. HPE is permitted to make up to three (3) additional hard copies for use at a deposition. One hard copy of the source code may be marked as an exhibit for or otherwise identified at the deposition, and then maintained by counsel for the party presenting the exhibit during the deposition in a secure, locked physical location. Copies of Source Code that are so identified during deposition shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Other than the one copy marked or identified by counsel during the deposition, which may be retained only in a secure, locked physical location, all other copies shall be destroyed immediately after the deposition is concluded.  To the extent portions of Source Code are quoted or paraphrased in the deposition transcript, either (1) the entire transcript will be stamped and treated as CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION; or (2) those pages containing

ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] STIPULATED SUPPLEMENTAL PROTECTIVE
ORDER CONCERNING ORACLE SOURCE CODE
CASE NO. 16-CV-01393-JST

quoted or paraphrased Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE ATTORNEYS' EYES ONLY INFORMATION.

2. HPE is permitted to make up to five (5) additional hard copies for inclusion in expert reports or in connection with a hearing or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered. To the extent portions of Source Code are quoted or paraphrased in an expert report, either (1) the entire document will be stamped and treated as CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION; or (2) those pages containing quoted or paraphrased Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE ATTORNEYS' EYES ONLY INFORMATION.

3. Oracle shall, on request, make a searchable electronic copy of the Source Code available on a stand-alone computer during depositions of Oracle fact witnesses who would otherwise be permitted access to such Source Code. HPE shall make such request at least five (5) business days before the deposition if the deposition will take place at the secure location where the Source Code computer at issue is stored, and at least ten (10) business days before the deposition for depositions held elsewhere.

l. The protocols do not apply to copyright office deposits.

m. HPE and its experts and consultants must securely delete the Oracle source code once their analysis is complete and before the computers are reconnected to the network, internet, or any input/output or storage device, except that expert work product based on the Oracle source code need not be deleted until the litigation is terminated (as defined in the Protective

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

[PROPOSED] STIPULATED SUPPLEMENTAL PROTECTIVE
ORDER CONCERNING ORACLE SOURCE CODE
CASE NO. 16-CV-01393-JST

Order).  Outside counsel for HPE may retain copies of work product containing Oracle source code pursuant to their existing document retention policies.  However, work product containing or reflecting the Oracle source code shall be stored on a computer that complies with the above protocols.

    n.  HPE reserves the right pursuant to paragraph D.6 of the Protective Order to challenge Oracle's confidentiality designations for any Oracle source code.

**IT IS SO STIPULATED, THROUGH THE PARTIES' COUNSEL OF RECORD.**

Dated:  September 12, 2017    LATHAM & WATKINS LLP

By:  /s/ Christopher S. Yates
Christopher S. Yates
Attorneys for Plaintiffs
Oracle America, Inc. and
Oracle International Corporation

Dated:  September 12, 2017    GIBSON, DUNN & CRUTCHER LLP

By:  /s/ Samuel G. Liversidge
Samuel G. Liversidge
Attorneys for Defendant
Hewlett Packard Enterprise Company

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated:  September 20, 2017    By:  _____
THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE