LATHAM & WATKINS LLP
   Christopher S. Yates (SBN 161273)
   Christopher B. Campbell (SBN 254776)
   Brittany N. Lovejoy (SBN 286813)
   Alexander E. Reicher (SBN 286667)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415.391.0600
Facsimile: 415.395.8095
Email: chris.yates@lw.com
      christopher.campbell@lw.com
      brittany.lovejoy@lw.com
      alexander.reicher@lw.com

Attorneys for Plaintiffs
Oracle America, Inc., and Oracle International Corporation

JEFFREY T. THOMAS, SBN 106409
   jtthomas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

SAMUEL LIVERSIDGE, SBN 180578
   sliversidge@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
   bevanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant
Hewlett Packard Enterprise Co.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware corporation; ORACLE INTERNATIONAL CORPORATION, a California corporation<br><br>            Plaintiffs,<br><br>    v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY, a Delaware corporation; and DOES 1–50,<br><br>            Defendants. | CASE NO. 3:16-cv-01393-JST<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER BY DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY AND PLAINTIFFS ORACLE AMERICA INC. AND ORACLE INTERNATIONAL CORPORATION TO TAKE LIMITED DISCOVERY AFTER THE FACT DISCOVERY DEADLINE** |

Plaintiffs Oracle America, Inc. and Oracle International Corporation (together "Oracle") and Defendant Hewlett Packard Enterprise Company ("HPE") (together, the "Parties") submit the following joint stipulation in response to the Court's November 27, 2017 order entered by Magistrate Judge Laporte concerning various letter briefs submitted by the Parties pursuant to Local Rule 37-3 (the "November 27 Order"), seeking this Court's approval to exchange discovery after the fact discovery cutoff as ordered by Judge Laporte and as anticipated by the Local Rules.

WHEREAS, fact discovery in this matter closed on October 2, 2017 (ECF No. 312);

WHEREAS, Local Rule 37-3 permits the parties to submit motions to compel discovery "7 days after the discovery cut-off";

WHEREAS, on October 10, 2017, the Parties submitted a Joint Discovery Letter Brief wherein HPE challenged the sufficiency and scope of Oracle's document collection and production for nine of Oracle's document custodians (ECF No. 374);

WHEREAS, on October 10, 2017, the Parties submitted a Joint Discovery Letter Brief wherein Oracle argued that HPE had waived the attorney-client privilege with respect to certain issues (ECF No. 378);

WHEREAS, on October 11, 2017, the Parties submitted a Joint Discovery Letter Brief regarding discovery related to Oracle's hardware displacement claims (ECF No. 382);

WHEREAS, on October 11, 2017, the Parties submitted a Joint Discovery Letter Brief wherein Oracle argued that HPE had improperly withheld discovery on certain issues (ECF No. 384);

WHEREAS, on November 27, 2017, Magistrate Judge Laporte issued an Order on the Parties' aforementioned Joint Discovery Letter Briefs (ECF No. 442);

WHEREAS, with respect to ECF No. 374, the November 27 Order requires Oracle to do the following: "On or before Monday, December 11, 2017, Oracle shall search and review updated document collections for custodians Jim Stonaker and Jeremy Sparks from the date of their last collection to the date of the updated collection (performed on or after the filing of this litigation) and produce all responsive, non-privileged documents," and "[o]n or before Monday, December 18, 2017, Oracle shall produce a privilege log to HPE that sets forth any responsive documents from

1

Mr. Stonaker's and Mr. Sparks's updated document collections that were withheld, either in full or in part, on the basis of privilege" (*id.*);

WHEREAS, with respect to ECF No. 378, the November 27 Order requires HPE to "either (1) produce and waive the privilege over documents listed on its privilege log in 'the relevant time period' reflecting 'general legal advice' regarding Terix and what HPE employees should do with respect to opportunities involving Terix . . ., or (2) withdraw or adequately redact all documents reflecting advice by HPE attorneys or HPE's legal department and stipulate that HPE will not make an advice of counsel defense or advance a good faith defense or other argument at summary judgment or trial that relies on 'subjective belief[s] . . . informed by attorney advice' from HPE's legal department or attorneys" (*id.*);

WHEREAS, with respect to ECF No. 378, the November 27 Order further requires HPE, if it elects option (2) above, to, on or before December 11, 2017, "identify for Oracle (by Bates number) all documents it seeks to redact or withdraw from production on the basis of attorney-client privilege and/or work product protection in 'the relevant time period' reflecting 'general legal advice' regarding Terix and what HPE employees should do with respect to opportunities involving Terix"; "produce revised, redacted versions of all such documents, except for those documents that HPE seeks to withdraw in their entirety, and provide a written stipulation that HPE will not make an advice of counsel defense or advance a good faith defense or other argument at summary judgment or trial that relies on subjective beliefs that were informed by attorney advice from HPE's legal department or attorneys"; and "make a proposal to Oracle with respect to how it proposes to handle deposition transcripts which attach or quote from documents [HPE] is withdrawing from production" (*id.*);

WHEREAS, with respect to ECF No. 378, the November 27 Order requires Oracle to, on or before December 18, 2017, "inform HPE of additional redactions—if any—it requests that HPE make to [the documents identified by HPE] or other documents HPE has produced and whether HPE's proposal with respect to deposition transcripts which attach or quote from documents it is withdrawing from production is acceptable," and requires HPE to, on or before December 21, 2017,

"inform Oracle whether it agrees or disagrees with each of the additional redactions—if any—that Oracle proposes, and promptly produce the remaining documents with any of the additional redactions on which the parties agree" (*id.*);

WHEREAS, with respect to ECF No. 378, the November 27 Order further requires the Parties to file a joint letter with the Court not to exceed five (5) pages on or before December 29, 2017, should the Parties continue to disagree on issues concerning Section B of the November 27 Order (*id.*);

WHEREAS, with respect to ECF No. 382, the November 27 Order requires Oracle to search for and produce documents regarding "'decline' in Oracle's '[server] hardware business' during the relevant period, including documents concerning the cause(s) of those decline," from the three (3) existing Oracle custodians identified by HPE on November 27, 2017 (*id.*);

WHEREAS, with respect to ECF No. 382, the November 27 Order requires the Parties to produce specified responsive, non-custodial data on or before Friday, December 1, 2017 (*id.*);

WHEREAS, with respect to ECF No. 382, the November 27 Order further requires the Parties to meet and confer after the aforementioned non-custodial data is produced, at which point each party may identify no more than three (3) customers for which it proposes to pursue custodial productions, and within seven (7) days of that identification, each party shall identify the name and title of one document custodian for each of the identified customers, and the Parties shall then produce specified responsive, non-privileged documents from those custodians on a schedule agreed upon by the Parties but not exceeding forty-five (45) days from the date the custodians are identified (*id.*);

WHEREAS, with respect to ECF No. 384, the November 27 Order requires HPE to "designate, prepare and present a witness to testify on Topic 27 of Oracle's Rule 30(b)(6) Notice to HPE" on a date that is "convenient for the witness and the Parties" for a deposition that "shall not exceed two hours of record time, not including any 'objections or problems' (beyond ordinary objections) that take place on the record" (*id.*);

WHEREAS, with respect to ECF No. 384, the November 27 Order requires HPE to, on or before Wednesday, November 29, 2017, "amend its response to Oracle's Interrogatory No. 24 to

3
JOINT STIPULATION AND [PROPOSED] ORDER RE CASE SCHEDULE
Case No. 3:16-cv-01393-JST

describe any 'official guidance' provided by its legal department to any of its employees regarding Terix, to the extent HPE decides not to withdraw or adequately redact all of the documents it has produced reflecting that information and provide the stipulation" referenced in Section B of the November 27 Order (*id.*);

WHEREAS, the aforementioned discovery ordered in the November 27 Order will take place after the discovery cutoff of October 2, 2017, and Judge Laporte instructed the Parties to "file a joint stipulation and request for an extension of the Scheduling Order with Judge Tigar to accommodate the discovery and deadlines reflected in [the November 27] Order" (*id.*);

WHEREAS, in light of Judge Laporte's November 27 Order, good cause exists to permit this limited discovery after the fact discovery cutoff;

WHEREAS, for the avoidance of doubt, the Parties are not proposing an extension of the fact discovery period; rather, the Parties are merely seeking this Court's approval to exchange discovery after the fact discovery cutoff as ordered by Judge Laporte, and as anticipated by the Local Rules;

WHEREAS, nothing in this stipulation shall be interpreted as any waiver of the Parties' rights to relief from Judge Laporte's November 27 Order;

NOW, THEREFORE, the parties hereby stipulate and request that the Court permit the Parties to exchange the discovery ordered by Judge Laporte in the November 27 Order by the dates set forth in that Order.

**IT IS SO STIPULATED.**

Dated: November 30, 2017        GIBSON, DUNN & CRUTCHER LLP

                                By:   */s/ Samuel G. Liversidge*
                                      Samuel G. Liversidge
                                      Attorneys for Defendant
                                      Hewlett Packard Enterprise Company

Dated: November 30, 2017        LATHAM & WATKINS LLP

                                By:   */s/ Christopher S. Yates*
                                      Christopher S. Yates
                                      Attorneys for Plaintiffs

Oracle America, Inc. and Oracle International Corporation

**PURSUANT TO STIPULATION, IT IS SO STIPULATED.**

Dated: December 1, 2017

By: _____
THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE