UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Defendant. | Case No. 16-cv-01393-JST (EDL) <br><br> **ORDER DENYING ORACLE'S MOTION TO COMPEL HPE TO IDENTIFY HARDWARE DISPLACEMENT CUSTODIANS** <br><br> Re: Dkt. No. 497 |

On March 17, 2018, Plaintiffs Oracle America, Inc. and Oracle International Corp. ("Oracle") moved to compel Defendant Hewlett Packard Enterprise Company ("HPE") to identify three additional document custodians and produce additional discovery related to Oracle's hardware displacement claims. The fact discovery deadline in this case was October 2, 2017. Oracle bases its belated request on the Court's November 27, 2017 Order, which the parties proposed after a hearing on November 7, 2017. The Order directed HPE to produce some noncustodial data related to the hardware displacement claims. Dkt. 442 at 4. The Order further directed that, after HPE's production of the noncustodial data the parties should "meet and confer" and allowed the parties to each identify three customers for which it proposed to pursue custodial productions. Id.

On December 1, 2017, HPE produced its noncustodial data to Oracle. On December 5, 2017, in response to an email from Oracle about the hardware displacement discovery, HPE sent a one page email that stated in a separate paragraph:

> We are happy to discuss the balance of your email, *including the specific custodians raised in that email*, as part of the broader meet and confer ordered by the Court. *See* Dkt. 442, at p. 4. Please let us know when Oracle will be ready to commence those meet and confer efforts.

Strumwasser Decl. Ex. B at 1 (emphasis added).[1]  Oracle never responded.

Two and a half months later, on February 22, 2018, Oracle sent an email to HPE naming three hardware displacement customers for whom it wanted HPE to identify a custodian.  Lovejoy Decl. Ex. A.  HPE refused, arguing that Oracle had delayed for too long.  Unable to reach a compromise, the parties filed the current joint discovery letter brief.

While the Order did not explicitly set a deadline for the parties to identify customers, the order made clear that the parties should not unduly prolong discovery.  It is also clear from the transcript of the November 7, 2017 hearing that the Court expected the parties to diligently pursue this additional discovery.  Oracle's delay in identifying three customers was lengthy.  Oracle offers no reasonable explanation for the delay.  Oracle's delay is also unreasonable in light of the scheduling order in place. Most importantly, Oracle did not respond for months to HPE's offer to meet and confer about these additional custodians.

The Court is disturbed by Oracle's attempt to justify its failure to respond to HPE's email by mischaracterizing HPE's offer as a statement "*buried* in the middle of an email responding to *Oracle's* request that HPE actually do what it falsely told Your Honor it had already done at the November 7 hearing: search its existing support custodians for hardware-displacement-related documents."  Joint Discovery Letter Brief at 4, Dkt. 497 (emphasis added as to "buried").   HPE's email was one page long, the request to meet and confer was set off from the rest of the email, and the email specifically referred to the meet and confer efforts  required by the Court's Order.  Exhibit 1.  Moreover, Oracle itself had raised the subject of these document custodians in the email to which HPE was responding.  Strumwasser Decl. Ex. B at 2-3.

The Court **DENIES** Oracle's motion.

**IT IS SO ORDERED.**

Dated: March 30, 2018

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] HPE's entire email is appended to this order as Exhibit 1.

2

# Exhibit 1

**Strumwasser, Jared**

| | |
|---|---|
| **From:** | Samplin, Ilissa |
| **Sent:** | Tuesday, December 5, 2017 7:07 PM |
| **To:** | Brittany.Lovejoy@lw.com; Evanson, Blaine H.; Gorman, Joseph A.; Lennon, Lauren Escher; Liversidge, Samuel; Morgan, Tracy A.; Strumwasser, Jared; Thomas, Jeffrey T. |
| **Cc:** | Chris.Yates@LW.com; Christopher.Campbell@lw.com; Alexander.Reicher@lw.com; Patrick.O'Brien@lw.com |
| **Subject:** | RE: Oracle v. HPE, 16-cv-01393 |

Britt:

Your email below asks us to explain why HPE has not searched certain existing custodians for documents relating to Oracle's hardware displacement allegations, even though Oracle has steadfastly refused to provide any reason for its failure to produce any custodial documents responsive to these same allegations. Can you explain to us why Oracle did not search *any* of its existing custodians for such documents? As you are aware, documents concerning the purported decline in Oracle's hardware sales at the customer level and the causes of those declines are relevant to Oracle's hardware displacement allegations. Many of Oracle's existing custodians are reasonably likely to possess such documents, including the custodians that worked on each of the relevant Customer accounts, and yet Oracle refused to search any of their files. Please provide Oracle's explanation for its discovery conduct with respect to its custodians and hardware displacement allegations.

==We are happy to discuss the balance of your email, including the specific custodians raised in that email, as part of the broader meet and confer ordered by the Court. *See* Dkt. 442, at p. 4. Please let us know when Oracle will be ready to commence those meet and confer efforts.==

Finally, we look forward to receiving your Hurd production on December 8. You note that *both* previously searched Hurd collections include documents from before December 2013, but we have not seen any such documents in Oracle's latest productions from the more recently discovered second collection of Hurd documents (and, in fact, we only see *one* pre-December 2013 Hurd custodial document in Oracle's earlier productions, and dozens of the produced Hurd custodial documents are merely slip sheets that say "Unsupported or Excluded File"). Please confirm whether there are additional pre-December 2013 documents in Mr. Hurd's custodial collections that are responsive to HPE's document requests in this case—beyond the single pre-December 2013 Hurd file you produced to date—and should have been produced months ago, including in response to Judge Laporte's order on our Hurd letter.

Thanks,
Ilissa


**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Brittany.Lovejoy@lw.com [mailto:Brittany.Lovejoy@lw.com]
**Sent:** Tuesday, December 5, 2017 5:24 PM