UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., ET AL.,<br><br>   Plaintiffs,<br><br>   v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>   Defendant. | Case No. 16-cv-01393-JST   (EDL)<br><br>**ORDER ADMONISHING ORACLE AS TO THE PARTIES' JOINT LETTER BRIEF REGARDING MARK HURD'S DOCUMENT PRODUCTION**<br><br>Re: Dkt. No. 510 |

   The Court has reviewed the parties' joint letter filed on March 21, 2018, the twenty-fourth discovery dispute letter filed by the parties in this case, raising yet another such dispute, this time regarding alleged spoliation by Plaintiff Oracle.

   The Court is very disappointed by the extreme, unnecessary, overheated rhetoric employed primarily by Oracle, such as its opening salvo -- "Time and time again, HPE and its counsel have shown that there is no game they will not play in the pursuit of misperceived litigation advantage. . . . ." -- which is followed by phrases such as "blatant gamesmanship," "knowingly misrepresenting facts in an attempt to slander," "empty accusations," "supposed grievances," "Nonsense" and the like. Dkt. 510 at 8-10. Further, apparently in the mistaken belief that the best defense is a good offense, Oracle devotes almost a full page to a lengthy footnote that does not concern the current dispute but instead concerns purported discovery failures by HPE, concluding, "To the extent that the Court entertains HPE's theory of spoliation, Oracle will certainly follow up with a similar motion of its own." Dkt. 510 at 11-12. Discovery motion practice should not be an exercise of "tit for tat" retaliation.

   The Court admonishes Oracle for its failure to adhere to the Northern District of California's "Guidelines for Professional Conduct," which specify that in written materials

1  submitted to the Court, "A lawyer should avoid denigrating the intelligence, ethics, morals,
2  integrity or personal behavior of the opposing party, counsel, or witness, unless such matters are at
3  issue in the proceeding." N.D. Ca. Guidelines for Professional Conduct, § 7.b. This inappropriate
4  language must cease immediately. Lead outside counsel are hereby ordered to give a copy of this
5  order to the General Counsel of their respective clients.
6      Further, no later than April 10, 2018, Oracle shall serve and file a supplemental declaration
7  to that of Mr. Campbell filed on October 23, 2017 in response to the Court's October 16, 2017
8  order. See Dkt. 394, 421. The declaration should, to the extent possible, comply with the Court's
9  direction to address *why* the documents in question were not produced, explaining what happened
10 to the documents in question, i.e., whether they were deleted and if so how and when, rather than
11 simply dispute whether they were required to be preserved.
12     To the extent that HPE wishes to further pursue the question of spoliation, it must file a
13 noticed motion.
14 **IT IS SO ORDERED.**
15 Dated: April 3, 2018

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge