1  JEFFREY T. THOMAS, SBN 106409
       jtthomas@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   3161 Michelson Drive
3  Irvine, CA 92612-4412
   Telephone: 949.451.3800
4  Facsimile: 949.451.4220

5  SAMUEL LIVERSIDGE, SBN 180578
       sliversidge@gibsondunn.com
6  BLAINE H. EVANSON, SBN 254338
       bevanson@gibsondunn.com
7  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
8  Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
9  Facsimile: 213.229.7520

10 Attorneys for Defendant
   Hewlett Packard Enterprise Co.
11
   [Additional counsel on signature page]
12
                    UNITED STATES DISTRICT COURT
13                 NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
14

15 ORACLE AMERICA, INC., a Delaware          No. 16-cv-01393-JST
   corporation; ORACLE INTERNATIONAL
16 CORPORATION, a California corporation     [PROPOSED] STIPULATED
                                             AMENDED PROTECTIVE ORDER
17             Plaintiffs,

18        v.

19 HEWLETT PACKARD ENTERPRISE
   COMPANY, a Delaware corporation; and DOES
20 1–50,

21             Defendants.

22

23

24

25

26

27

28

**WHEREAS**, during the course of this action, the parties and certain non-parties may be subject to discovery requests and/or proceedings that seek the disclosure of information that the party or non-party to whom the request is directed considers to be confidential and/or proprietary.

**WHEREAS**, the parties wish to preserve the confidentiality of such information through the use of a protective order.

**IT IS THEREFORE HEREBY STIPULATED AND AGREED**, by and between Oracle America, Inc., Oracle International Corporation (together, "Oracle"), and Hewlett Packard Enterprise Company ("HPE"), that the parties petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph J(1) below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**A.     Scope**

This Order shall govern the handling of:  (1) documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given or exchanged by and among the parties and any non-parties to this litigation (including, without limitation, any non-party that seeks to intervene or to object to any of the proceedings in the litigation) in connection with discovery in this litigation; and (2) any information copied or extracted from Protected Material (as defined below).  The protections conferred by this Stipulation and Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this

Order; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party. Reference to or use of Protected Material by either party at a hearing does not make the underlying Protected Material part of the public domain except to the extent that the Protected Material is entered into the public record by the Court or the designating party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### B.    Duration

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### C.    Definitions

1.      "**Attorneys' Eyes Only**" shall mean all documents and testimony, and all information contained therein, and other information designated as "Attorneys' Eyes Only," if such documents or testimony contain highly sensitive private information, non-public business or financial information, or software code, the disclosure of which would, in the good faith judgment of the party designating the material as "Attorneys' Eyes Only," cause serious and irreparable harm to that party's business or the business of any of that party's customers or clients if the material is disclosed to persons allowed to see Confidential material beyond the persons specified in Paragraph E(2) below. Documents, testimony, or other material that merely identify or refer to customers do not, without more, meet the criteria for Attorneys' Eyes Only. The parties anticipate that this designation will be used very sparingly. Information that is already publicly available may not be designated as "Attorneys' Eyes Only."

2.     "**Confidential**" shall mean all documents and testimony, and all information contained therein, and other information designated as confidential, if such documents or testimony contain trade secrets, proprietary business information, competitively sensitive information, or any other non-public business information, the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients if the material becomes public.  Information that is already publicly available may not be designated as "Confidential."

3.     "**Discovery Material**" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery requests in this matter.

4.     "**Producing Party**" shall mean the parties to this action or any non-parties producing "Confidential" or "Attorneys' Eyes Only" information in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

5.     "**Protected Material**" shall refer to any disclosure or Discovery Material that is designated as "Confidential" or "Attorneys' Eyes Only."

6.     "**Receiving Party**" shall mean the parties to this action or any non-parties receiving "Confidential" or "Attorneys' Eyes Only" information in connection with depositions, document production, or otherwise.

D.     **Designating Protected Material**

1.     The parties may designate documents produced, testimony given, or any other materials exchanged in connection with this action as "Confidential" or "Attorneys' Eyes Only" under the terms of this Order and Fed. R. Civ. P. 26(c).

2.     Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies

under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited.

3.      Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly designated as either "Confidential" or "Attorneys' Eyes Only" before the material is disclosed or produced.

4.      Documents or other materials (apart from depositions or other pretrial testimony) shall be designated by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page containing any Confidential or Attorneys' Eyes Only information, except that in the case of multi-page documents bound together by a staple or other permanent binding, the word(s) "Confidential" or "Attorneys' Eyes Only" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential or Attorneys' Eyes Only.  The failure to designate a document as "Confidential" or "Attorneys' Eyes Only" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Order. For native documents (such as Excel files) or software code, the Producing Party will endorse the designation on a slipsheet in the production.

5.      Depositions or other pretrial testimony shall be designated by notice via email or in writing, sent to all parties within ten (10) business days after receiving a copy of the final transcript thereof, and by directing the court reporter that the appropriate confidentiality legend be affixed to the first page of the original and all copies of the transcript containing any Confidential or Attorneys' Eyes Only material.  Unless otherwise stated on the record, all depositions and other pretrial testimony shall be deemed to be "Attorneys' Eyes Only" until the expiration of the tenth business day after counsel receives a copy of the transcript thereof, after which time such deposition or pretrial testimony shall be treated in accordance with its actual designation, if any.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

6.      The Receiving Party may, at any time, notify the Producing Party that the

Receiving Party does not concur in the designation of a document or other material as Confidential or Attorneys' Eyes Only. If the Receiving Party contends that any document or other material designated as Confidential or Attorneys' Eyes Only is not entitled to confidential treatment, the Receiving Party shall give written notice to the party who designated the material, specifically identifying the challenged material. The Producing Party, by its counsel, shall respond in writing within five (5) business days of receipt of the written request (or within ten (10) business days if the Producing Party is a third party to this litigation), or within such other period of time as may be designated by order of the Court or agreement of the parties. If the Producing Party refuses to remove the Confidential or Attorneys' Eyes Only designation, its written response shall state the reasons for this refusal. If the challenge to the confidential designation is not resolved after a good faith meet and confer, which should take place within five (5) business days of the Producing Party's written response, the parties will submit a joint letter brief following the procedures described in the Standing Order for All Civil Cases Before District Judge Jon S. Tigar. Specifically, the Receiving Party shall prepare its portion of the joint letter brief following the parties' meet and confer and serve it on the Producing Party within five (5) business days of the meet and confer. Within five (5) business days after receiving the Receiving Party's portion of the joint letter brief, the Producing Party shall prepare its portion of the joint letter brief and serve it on the Receiving Party. The Receiving Party shall file the joint letter on behalf of the parties within one (1) business day of receiving the Producing Party's portion of the joint letter brief. This Protective Order does not alter the burden of proving that the challenged material is entitled to confidential treatment as governed by applicable law. If the Receiving Party does not prepare a joint letter brief, such documents or materials shall continue to be treated as designated by the Producing Party. If such a joint letter brief is filed, the documents or other materials shall be deemed as designated by the Producing Party unless and until the Court rules otherwise.

**E.       Access to Confidential Information**

1.       Except with the prior written consent of the Producing Party or by Order of the Court, **Confidential** information shall not be furnished, shown, or disclosed to any person or

entity except to:

      a.      Personnel of HP or Oracle involved in the litigation of this matter and who have been advised of their obligations hereunder;

      b.      Outside counsel of record for the parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder; in house counsel John Schultz, HPE Executive Vice President, Chief Legal and Administrative Officer, and Corporate Secretary; Rishi Varma, HPE General Counsel; Robert Particelli, HPE Senior Vice President and Deputy General Counsel, Litigation; Vaishali Udupa, HPE Vice President, Associate General Counsel, IP Litigation and Policy; Deanna Kwong, HPE IP Litigation Counsel; Dorian Daley, Oracle's Executive Vice President and General Counsel; Deborah Miller, Oracle's Vice President and Associate General Counsel, Litigation; Jeffrey Ross, Oracle's Assistant General Counsel; Colin Farrell, Oracle Corporate Counsel; and paralegals and legal department administrative personnel who are directly assisting such in-house counsel in the preparation of this action for trial or other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

      c.      Expert witnesses or consultants and their support staff retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the

subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential information is furnished, shown, or disclosed in accordance with Paragraphs (E)(4) and (5) below;

d.    The Court and court personnel;

e.    An officer before whom a deposition is taken, including stenographic and video reporters and any necessary secretarial, clerical, or other personnel of such officer;

f.    Trial and deposition witnesses;

g.    Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

h.    Vendors with whom counsel of record for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents;

i.    Mock jurors and jury consultants who have been engaged by any party and/or a party's consultant in preparation for trial. For any jury research, an appropriate screening process must be used to assure that the jury consultant(s) and mock jurors chosen for any mock jury presentation are not current or former officers, directors, employees, or consultants of any party or any direct competitors of any party. Each jury consultant and/or mock jurors must agree in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order; and

j.    Any other person agreed to by the parties.

2.    Except with the prior written consent of the Producing Party or by Order of the Court, **Attorneys' Eyes Only** information shall not be furnished, shown, or disclosed to any person or entity except to those persons listed above in Paragraph (E)(1) under item (b), item (c)

(subject to Paragraph (E)(5) below), item (d), item (e), item (g), item (h), item (i) and item (j). Attorneys' Eyes Only information may be furnished, shown, or disclosed to any person or entity listed above under Paragraph (E)(1)(f) if that person or entity is (i) an author, addressee, or a copy recipient of the document, or (ii) an employee, officer, or director of the Producing Party. For any person or entity under Paragraph (E)(1)(f) that is not within the scope of the preceding sentence, Attorneys' Eyes Only information may be furnished, shown, or disclosed to such person or entity only (i) with the prior written consent of the Producing Party or by Court Order, and (ii) after the person or entity has signed Exhibit A attached hereto and agreed to comply with and be bound by its terms.

        3.      Confidential and Attorneys' Eyes Only information shall be utilized by the Receiving Party and/or its counsel, as applicable, only for purposes of this litigation (including, for example, communications with third parties related to the service of and/or responses to subpoenas) and for no other purposes, unless the Receiving Party independently learned of the Confidential or Attorneys' Eyes Only information. A Receiving Party may not utilize Confidential and Attorneys' Eyes Only information for the purposes of contacting, communicating or negotiating with a third party for the purposes of establishing, modifying, and/or furthering a business relationship, provided, however, that nothing in this protective order shall preclude a Receiving Party from using information developed from independent sources for any purpose. A Receiving Party is not precluded from using such independently derived information by virtue of having also received it pursuant to this Protective Order. The parties acknowledge that each party respectively may have developed information regarding certain customers independent of any disclosure or production in the litigation. The parties also acknowledge that the salespeople for the respective parties may communicate with customers and potential customers in the ordinary course of their jobs, and that such communications do not, alone, reflect the use of protected information.

        4.      Before any disclosure of Confidential or Attorneys' Eyes Only information is made to an expert witness or consultant or their support staff pursuant to Paragraph (E)(1)(c)

above, counsel for the Receiving Party shall obtain from the expert, the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Confidential or Attorneys' Eyes Only information may be provided to an expert witness or consultant to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any party to or any competitor of any party to this litigation, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential or Attorneys' Eyes Only information solely in connection with this litigation. Where an expert witness or consultant has employees at the same firm or company working at the direction of the expert witness or consultant, only the expert witness or consultant (and not the other employees) need sign Exhibit A. However, the employees shall also be bound by the confidentiality obligations in this Order to the same extent the expert witness or consultant is.

        5.      At least five (5) business days prior to providing an expert or expert consultant with any information that has been designated as Confidential or Attorneys' Eyes Only by a Producing Party, counsel must first identify the expert in writing to opposing counsel. This written identification shall include a current resume or curriculum vitae. Should the opposing party or any non-party object to the disclosure of its Protected Material to the designated expert or expert consultant, it shall provide written notice within five (5) business days. The objecting party or non-party shall meet and confer with the party identifying the expert on that objection within two (2) business days of the written objection being served on counsel. If the meet and confer does not resolve the dispute, the parties agree to expedite the filing of a joint letter with the Court. The parties agree that this joint statement will be filed with the Court within two (2) business days of the meet and confer.

**F.**     **Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential or Attorneys' Eyes Only, that party must:

a) promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

If the Producing Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as Confidential or Attorneys' Eyes Only before a determination by the court from which the subpoena or order issued, unless the party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**G.**     **Unauthorized Disclosure of Protected Materials**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by the terms of this Order.

**H.    Inadvertent Production of Privileged Materials**

1.    If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to a party or parties, Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply.

2.    If any privileged material is inadvertently produced in this matter, the Producing Party may claim it back by requesting return or destruction in writing, stating that the production was inadvertent.  Within five (5) business days upon receipt of such written notice, the Receiving Party shall confirm in writing that it has either (1) returned the items identified and destroyed any copies which were made or (2) immediately sequestered the material in question and provided the party making the claim of inadvertent disclosure notice that the Receiving Party intends to challenge the material as not privileged or not inadvertently produced.  This paragraph does not restrict the right of the Receiving Party to challenge the Producing Party's claim of privilege.

3.    The failure of a party at a deposition to challenge the assertion of any privilege, work-product protection, or immunity over any document shall not prejudice the right of such party to challenge the assertion of any such privilege or immunity in accordance with the other procedures described in this paragraph.

**I.    Final Disposition**

1.    Within 60 days of the termination of this action between the parties, including final appellate action or the expiration of time to appeal or seek further review, each party or other individual subject to the terms of this Order shall use reasonable efforts to either return or destroy materials designated "Confidential" or "Attorneys' Eyes Only."

2.    The Receiving Party's reasonable efforts shall not require the return or destruction of "Confidential" or "Attorneys' Eyes Only" materials from: (1) disaster recovery or business continuity backups, (2) data stored in system-generated temporary folders or near-line storage, (3) unstructured departed employee data, and/or (4) material that is subject to legal hold

obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of "Confidential" or "Attorneys' Eyes Only" material, but such retained information shall continue to be treated in accordance with the Order.

3. Notwithstanding the above requirements to return or destroy Protected Material, counsel may retain for archival purposes complete copies of all court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that contain or refer to Confidential or Attorneys' Eyes Only materials, provided that such Counsel shall not disclose such materials to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

**J.     Miscellaneous**

1. If any party intends to file with the Court materials that have been designated as Confidential or Attorneys' Eyes Only, the filing party must comply with Civil Local Rule 79-5. Prior to any hearings and/or trial in this matter, counsel for the parties shall meet and confer to negotiate a proposal regarding the treatment of Confidential or Attorneys' Eyes Only information proposed to be used at such hearing or trial.

2. The parties to this action agree that the production of any Discovery Material by any non-party shall be subject to and governed by the terms of this Order.

3. Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose. Nothing in this Order shall be construed to prejudice any party's right to object to the use or disclosure of any Protected Material in court or in any court filing. This Order is made without prejudice to the right of any party to seek further or additional protection of any Protected Material or to modify this Order in any way, including, without limitation, an order that certain material not be produced at all.

4. The parties and any other persons subject to the terms of this Order agree that the Court shall retain jurisdiction over them for the purpose of enforcing this Order.

5. Nothing in this Order shall prevent any party or other person from seeking

modification of this Order or from objecting to discovery that it believes to be otherwise improper.

**IT IS SO STIPULATED.**

Dated: April 23, 2018                              LATHAM & WATKINS LLP


                                                   By: _____/s/ Christopher S. Yates_____
                                                            Christopher S. Yates
                                                            Attorneys for Plaintiffs
                                                          Oracle America, Inc. and
                                                     Oracle International Corporation.


Dated: April 23, 2018                              GIBSON, DUNN & CRUTCHER LLP


                                                   By: _____/s/ Blaine H. Evanson_____
                                                            Blaine H. Evanson
                                                   Attorneys for Hewlett Packard Enterprise
                                                                 Company

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**


DATED: April 23, 2018                              By: _____
                                                         The Honorable Jon S. Tigar

## ATTESTATION OF CONCURRENCE IN THE FILING

Pursuant to Civil Local Rule 5-1(i)(3), I declare that concurrence has been

obtained from each of the above signatories to file this document with the Court.

Dated:  April 23, 2018

                                        GIBSON, DUNN & CRUTCHER LLP


                              By:  _____/s/ Blaine H. Evanson_____
                                        Blaine H. Evanson
                                  Attorneys for Hewlett Packard Enterprise
                                        Company

**EXHIBIT A**

      I have been given a copy of the Stipulated Protective Order entered in the actions titled *Oracle America, Inc., et al. v. Hewlett Packard Enterprise Company, et al.*, Civil Action No. 16-cv-01393 JST, pending in the United States District Court for the Northern District of California. I have read and understand the terms of the Order. I understand that unauthorized disclosure of "Confidential" or "Attorneys' Eyes Only" information will constitute a violation of the Order and that the parties reserve the right to seek appropriate redress, including sanctions, from the Court for willful violations thereof. With full knowledge of the terms and requirements of the Order, I agree to be bound by its terms. I agree that I shall not disclose to others, except in accordance with the Order, such information or documents, and that such information or documents shall be used only for the purpose of the legal proceeding in which the documents were produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

      I agree to subject myself to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of this Order.


Dated: _____      By: _____