1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7    ORACLE AMERICA, INC., et al.,              Case No. 16-cv-01393-JST
8              Plaintiffs,
                                                **ORDER DENYING MOTION TO
9         v.                                    SUPPLEMENT EXPERT REPORTS**
10   HEWLETT PACKARD ENTERPRISE                 Re: ECF No. 741
     COMPANY,
11             Defendant.
12

13        Before the Court is Plaintiffs Oracle America, Inc. and Oracle International Corporation

14   (collectively "Oracle")'s motion to supplement expert reports.  ECF No. 741.  The Court will deny

15   the motion.[1]

16   **I.    BACKGROUND**

17        This is a copyright infringement action brought by Oracle against Hewlett Packard

18   Enterprise Company ("HPE").  On March 22, 2016, Oracle filed its Complaint against HPE,

19   asserting several claims for copyright infringement under 17 U.S.C. §§ 101 *et seq.*, as well as state

20   law claims for intentional interference with contractual relations, economic relations, and unfair

21   competition under California Business and Professions Code § 17200.  ECF No. 1.  The second

22   amended complaint and the third amended answer are now the operative pleadings.  ECF Nos.

23   305, 314.

24        Expert disclosures were due on November 1, 2017.  ECF No. 312.  After Oracle belatedly

25

26   ---
     [1] The Court has filed this order under seal because it contains material subject to sealing orders.
27   Within seven days of the filing date of this order, the parties shall provide the Court a stipulated
     redacted version of this order, redacting only those portions of the order containing or referring to
28   material for which the Court has granted a motion to seal and for which the parties still request the
     material be sealed.  The Court will then issue a redacted version of the order.

United States District Court
Northern District of California

1   filed an amended damages report by its expert James Pampinella on December 8, 2017, the parties

2   stipulated to extend certain expert discovery until February 15, 2018.  ECF No. 447.  The Court

3   granted the stipulated request.  ECF No. 448.  After expert discovery closed, the parties exchanged

4   motions to exclude expert testimony.  On June 27, 2018, Oracle moved to exclude the testimony

5   of Vincent Cohan, Daniel McGavock, and Ronald Schnell.  ECF Nos. 607, 610, 614.  HPE in turn

6   moved to exclude Pampinella's testimony, as well as that of Christian Hicks, whose report is the

7   subject of the motion to supplement now before the Court.  ECF Nos. 615, 618.  The Court

8   granted Oracle's motions in part and denied HPE's motions without prejudice.  ECF No. 788.

9   HPE moved for reconsideration of the portion of the Court's order relating to Hicks, ECF No. 791,

10  and the Court denied the motion, ECF No. 838.

11      On February 28, 2018, Oracle filed a motion for partial summary judgment on its

12  copyright infringement claims, and on HPE's express and implied license, abandonment, estoppel,

13  fair use, and 17 U.S.C. § 117 affirmative defenses.  ECF No. 459.  That same day, HPE filed its

14  own motion for summary judgment on all of Oracle's copyright infringement claims and state law

15  claims, and in the alternative, a motion for partial summary judgment on certain of Oracle's

16  claims.  ECF No. 471.  Concurrently with the issuance of this order, the Court has granted HPE's

17  motion and denied Oracle's motion.

18      On October 31, 2017 – the day before expert discovery was originally due to close –

19  Magistrate Judge Laporte heard Oracle's motion to compel full discovery as to the customers HPE

20  supported directly (i.e., independent of Terix).  ECF No. 367 at 2, 6.  Judge Laporte granted the

21  motion in part and ordered HPE to provide additional discovery as to these direct-support

22  customers.  ECF No. 435 at 3.  In response to a further motion to compel by Oracle, ECF No. 505

23  at 2-7, on April 3, 2018, Judge Laporte ordered HPE to produce a witness for a Rule 30(b)(6)

24  deposition limited to questions about the direct-support-customer data HPE had already provided.

25  ECF No. 515.  On April 20, 2018, HPE produced witness David Jensen, and Oracle deposed him.

26  ECF No. 740-19 at 3.

27      Oracle now seeks to supplement the expert reports of Christian Hicks and Dr. Benjamin

28  Goldberg.  ECF No. 741 at 5.  Both reports were originally served on HPE on November 1, 2017.

2

1    ECF Nos. 740-5 at 70; 740-10 at 24.  Oracle served HPE amended versions of these reports on

2    June 25, 2018.  ECF No. 763-3 at 10.  When HPE objected to some of the proposed amendments,

3    Oracle filed the motion now before the Court.  ECF No. 740-24 at 2-5.  Oracle requests two

4    alternative forms of relief: an order granting permission to supplement the experts' reports under

5    Federal Rule of Civil Procedure 26(e), or an order pursuant to Federal Rule of Civil Procedure

6    16(b)(4) modifying the scheduling order by granting Oracle leave to serve amended expert reports

7    after the expert discovery deadline.  ECF No. 740-4 at 6.

8         According to Oracle, its proposed supplements to the Hicks report are as follows:  First,

9    Hicks has updated the body of his report to reference Jensen's Rule 30(b)(6) testimony as to the

10   meaning of the " ▮▮▮▮▮▮ " field of the spreadsheets of direct-support-customer data HPE

11   produced.  ECF Nos. 740-4 at 11; 740-5 ¶¶ 37-38.  Second, Hicks has added the "Kernel Version"

12   field from HPE's data to one of the exhibits attached to his original report, which allegedly

13   identifies Solaris patches installed by HPE without an Oracle support contract.  ECF Nos. 740-4 at

14   11; 740-8.  Third, Hicks has attached a new work paper that he drafted and provided to HPE in

15   January before his deposition, with the further addition of a paragraph to his report describing the

16   paper, which uses the "Kernel Version" field to identify patches allegedly installed by HPE that

17   were not released until Oracle support coverage for the server in question had already ended.  ECF

18   Nos. 740-4 at 11; 740-5 ¶ 39; 740-9.  Oracle asserts that Hicks now seeks to incorporate this

19   previously-drafted work paper into his report only because Jensen's testimony confirmed that

20   Hicks's interpretation of the "Kernel Version" field was correct.  ECF No. 740-4 at 11-12.

21        Oracle notes that these additions have yielded a corresponding proposed change to the

22   Goldberg report, which uses Hicks's list of copied patches as an input.  *Id.* at 12.  Specifically,

23   Hicks's addition of the "Kernel Version" field added 24 patches to the list of HPE-copied patches

24   that forms the base of Goldberg's copyrightability analysis.  *Id.*  Oracle claims that Goldberg then

25   updated his report simply by applying the same methodologies used to generate his original report

26   to the source code for the 24 newly-identified patches.  *Id.*; ECF No. 740-10.

27        HPE agrees to Oracle's amendments to paragraphs 10, 30, 33, and 37 of the Hicks report,

28   as well as paragraph 45 of the Goldberg report.  ECF No. 763-3 at 10.  But HPE opposes Oracle's

United States District Court
Northern District of California

3

1    motion "with respect to the proposed amendments that plainly are not based on new developments

2    in the factual record—specifically, paragraphs 38 and 39 of Mr. Hicks's proposed amended report;

3    paragraphs 20, 21, and 30, as well as footnotes 4 and 6 of Dr. Goldberg's proposed amended

4    report; and their proposed related exhibits and headings." *Id.* at 7.  HPE argues that, by these

5    proposed amendments, "Oracle is attempting to fill in deficiencies in its expert reports that HPE

6    identified in its summary judgment and *Daubert* briefing." *Id.* at 5.  HPE further takes the

7    position that, should the Court allow Oracle's proposed supplements, HPE must be given the

8    chance "to rebut those expert opinions, depose those experts, amend its *Daubert* motions, and

9    possibly amend its summary judgment briefing." *Id.* at 6-7.

10   **II.    LEGAL STANDARD**

11          Under Federal Rule of Civil Procedure 26(e), a party must supplement an expert report "in

12   a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or

13   incorrect." Fed. R. Civ. P. 26(e)(1)(A).  Further, "[a]ny additions or changes" to an expert report

14   disclosed under Rule 26(a)(2)(B) "must be disclosed by the time the party's pretrial disclosures

15   under Rule 26(a)(3)" are due – in other words, at least thirty days before trial, unless otherwise

16   ordered by the court.  Fed. R. Civ. P. 26(e)(2).  Rule 26(e) creates a duty to supplement, not a

17   right.  *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009).  A

18   party that fails to timely supplement in compliance with the Rule "is not allowed to use that

19   information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

20   substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Further, "supplementation under

21   the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on

22   information that was not available at the time of the initial disclosure." *Luke*, 323 F. App'x at 500

23   (citation and internal quotation marks omitted).  In other words, supplemental disclosures must, in

24   fact, be supplemental; a party may not rely on Rule 26(e) "as a way to remedy a deficient expert

25   report." *Medtronic Vascular, Inc. v. Abbott Cardiovascular Systems, Inc.*, No. C-06-1066 PJH

26   (EMC), 2008 WL 4601038, at *1 (N.D. Cal. Oct. 15, 2008).

27          Federal Rule of Civil Procedure 16(b) requires the district court to issue a scheduling order

28   that limits the time to join other parties, amend the pleadings, complete discovery, and file

4

1    motions. Fed. R. Civ. P. 16(b)(l)-(3).  Once in place, "[a] schedule may be modified only for good

2    cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" requirement

3    primarily considers the diligence of the party seeking amendment. *Johnson v. Mammoth*

4    *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The district court may modify the pretrial

5    schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."

6    *Id.* (internal quotation marks and citation omitted).  "Although the existence or degree of prejudice

7    to the party opposing the modification might supply additional reasons to deny a motion, the focus

8    of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was

9    not diligent, the inquiry should end." *Id.* (internal citation omitted).

10   **III.    DISCUSSION**

11          Rule 26(e) requires a party to supplement a disclosure "in a timely manner" after learning

12   that the earlier disclosure was incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A).  According to

13   Oracle, timeliness poses no barrier to its motion, because Rule 26(e) only requires parties to

14   supplement expert reports in advance of the pretrial conference statement deadline. ECF No. 740-

15   4 at 14.  Because that date in this case is not until January 29, 2019, ECF No. 573, Oracle argues

16   that "[t]here is no question about the timeliness of Oracle's proposed supplements." ECF No.

17   740-4 at 14.  Oracle conflates the general "timely manner" requirement of Rule 26(e)(1)(A) with

18   the additional, specific limitation Rule 26(e)(2) imposes upon changes to expert reports, which

19   must be made "by the time the party's pretrial disclosures under Rule 26(a)(3)" are due.  While

20   subpart (e)(2) imposes a particular deadline for expert reports, compliance with that subpart does

21   not itself prove that a supplement has been timely made under subpart (e)(1).

22          In the context presented here, the Court concludes that Oracle's attempt to supplement its

23   expert reports is untimely.  The original Hicks and Goldberg reports were filed on the expert

24   discovery deadline of November 1, 2017, over a year ago. ECF Nos. 312; 740-5 at 70; 740-10 at

25   24.  Even assuming that the Rule 30(b)(6) deposition on April 20, 2018 revealed truly new

26   information requiring Oracle to supplement its expert reports – a point the Court need not decide –

27   Oracle has failed to provide sufficient justification for the five-month delay between that

28   deposition and its September 18, 2018 motion to supplement.  Oracle lays the blame on opposing

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1   counsel, arguing that its motion was delayed by a three-month meet-and-confer process seeking

2   HPE's stipulation to the proposed changes. *See* ECF Nos. 768-3 at 11; 740-25 (emails among

3   counsel dating from June 22, 2018 to September 16, 2018). Certainly, the Court expects counsel

4   to meet and confer in earnest before seeking relief from the Court. But such efforts, as with the

5   other aspects of the parties' practice, must show diligence. Conferring about amendments to an

6   expert report should not take three months. And, even putting that concern to one side, Oracle

7   provides no compelling explanation for the two-month delay between the April 20, 2018

8   deposition and June 22, 2018, when Oracle first notified HPE of Oracle's intention to amend the

9   Hicks and Goldberg reports. ECF No. 740-25 at 14.

10      The case progressed significantly in the interim. As HPE emphasizes, "[t]his case [has

11   been] heading towards trial, with pre-trial filings due in January 2019 and trial set to begin on

12   March 4, 2019." ECF No. 763-3 at 21; *see Martinez v. County of San Benito*, No. 15-cv-00331-

13   JST, 2018 WL 1863013, at *2 (N.D. Cal. Apr. 18, 2018) (denying motion to amend expert reports

14   in April as untimely when trial was set for July). The Court has decided the parties' *Daubert*

15   motions and their cross-motions for summary judgment. *See* ECF Nos. 459, 471, 788. HPE

16   alleges that it developed a litigation strategy based on its perceived flaws in the original Hicks and

17   Goldberg reports, which it pursued over the course of briefing these motions. ECF No. 763-3 at

18   22. That strategy was successful. "Oracle cannot now accrue an unfair advantage by remedying

19   [any] strategic miscalculations" it may have made by belatedly seeking to supplement or amend

20   those reports. *Id.* Accordingly, the Court determines that Oracle has failed to seek leave to

21   supplement in a timely manner as required by Rule 26(e)(1)(A).

22      "Rule 37(c)(1) 'gives teeth' to Rule 26's disclosure and supplementation requirements,

23   including the requirement that parties disclose . . . expert reports 'at the times and in the sequence

24   that the court orders.'" *Martinez*, 2018 WL 1863013, at *2 (citing *Yeti by Molly, Ltd. v. Deckers*

25   *Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 26(a)(2)(d)). Oracle may not

26   be granted leave to untimely amend its expert report unless, consistent with Rule 37(c)(1), it meets

27   its "burden of proving that its failure to disclose the required information was substantially

28   justified or is harmless." *R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

United States District Court
Northern District of California

1    Oracle argues that its supplements are "substantially justified" because direct support

2    discovery was far from complete at the time expert reports were due. ECF No. 768-3 at 15. Be

3    that as it may, the schedule was long known to all parties. A party's preference for a different

4    schedule than the one actually imposed by the Court does not itself amount to "substantial

5    justification" for later amendments to expert reports served in accordance with deadlines set by the

6    Court. Similarly, "[d]isruption to the schedule of the court and other parties in that manner is not

7    harmless. Courts set such schedules to permit the court and the parties to deal with cases in a

8    thorough and orderly manner, and they must be allowed to enforce them, unless there are good

9    reasons not to." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). Allowing

10   Oracle to amend its expert reports in way that blows up the expert discovery and summary

11   judgment schedules (or worse, that denies HPE an opportunity to edit any briefing that relied on

12   Oracle's outdated reports) would work substantial prejudice against HPE and unreasonably burden

13   the Court.

14        At the hearing on this motion, counsel for Oracle asserted that Oracle seeks to amend its

15   expert reports only for purposes of the impending trial. In other words, the completed briefing on

16   the parties' cross-motions for summary judgment should stand unamended. But in its reply brief,

17   Oracle concedes that its proposed amendments would in fact include changes to the exhibits

18   already filed in support of Oracle's motion for summary judgment. ECF No. 768-3 at 12. Oracle

19   then appears to argue that HPE should not be given leave to amend its own briefing in response,

20   asserting that "HPE does not, and cannot, articulate how this minor change could possibly impact

21   HPE's contentions on summary judgement." ECF No. 768-3 at 12. But HPE need not do so. To

22   avoid automatic exclusion under Rule 37(c)(1), it is *Oracle*'s burden to show that its untimely

23   proposed amendments are "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Because

24   Oracle has not made this showing, its amended reports will be excluded; Oracle will not be

25   "allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial." *Id.*

26        In the alternative, Oracle seeks leave to amend the Hicks and Goldberg reports under Rule

27   16, which provides for modifications to the scheduling order "only for good cause and with the

28   judge's consent." Fed. R. Civ. P. 16(b)(4). Oracle claims to have "good cause to request this

7

1   modification as to the case schedule because direct support customer discovery was ongoing at the

2   time of the expert discovery deadline and Oracle diligently sought to incorporate the late-produced

3   discovery into its expert reports." ECF No. 740-4 at 18.  These arguments fail for the same

4   reasons as Oracle's identical claims that its amendments were substantially justified under Rule

5   37(c)(1).  As noted above, the "good cause" requirement of Rule 16 primarily considers the

6   diligence of the party seeking amendment. *Johnson*, 975 F.2d at 609.  For the reasons noted

7   above, the Court finds that Oracle has not been sufficiently diligent to show good cause to modify

8   the scheduling order to allow amendment of expert reports over a year after they were due.

9                                              **CONCLUSION**

10          For the reasons above, Oracle's motion to supplement expert reports is DENIED.

11      **IT IS SO ORDERED.**

12  Dated:  January 29, 2019

13                                                          _____

14                                                          JON S. TIGAR
                                                            United States District Judge

United States District Court
Northern District of California

8