| | |
|---|---|
| LATHAM & WATKINS LLP<br>  Christopher S. Yates (SBN 161273)<br>  Sarah M. Ray (SBN 229670)<br>  Brittany Lovejoy (SBN 286813)<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>Telephone: 415.391.0600<br>Facsimile: 415.395.8095<br>Email: chris.yates@lw.com<br>       sarah.ray@lw.com<br>       brittany.lovejoy@lw.com<br><br>Attorneys for Plaintiffs<br>Oracle America, Inc., and Oracle International Corporation | JEFFREY T. THOMAS, SBN 106409<br>  jtthomas@gibsondunn.com<br>BLAINE H. EVANSON, SBN 254338<br>  bevanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612-4412<br>Telephone: 949.451.3800<br>Facsimile: 949.451.4220<br><br>SAMUEL LIVERSIDGE, SBN 180578<br>  sliversidge@gibsondunn.com<br>ILISSA SAMPLIN, SBN 314018<br>  isamplin@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>Attorneys for Defendant<br>Hewlett Packard Enterprise Co. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware corporation; ORACLE INTERNATIONAL CORPORATION, a California corporation<br><br>              Plaintiffs,<br><br>   v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY, a Delaware corporation; and DOES 1–50,<br><br>             Defendants. | CASE NO. 4:16-cv-01393-JST<br><br>**JOINT [PROPOSED] ORDER FOLLOWING JANUARY 12, 2021 CASE MANAGEMENT CONFERENCE**<br><br>Pursuant to Minute Order of January 12, 2021 [Dkt. No. 948] |

On January 12, 2021, following remand of this case from the Ninth Circuit, Plaintiffs Oracle America, Inc. and Oracle International Corporation ("Oracle") and Defendant Hewlett Packard Enterprise Company ("HPE") (collectively "Parties") attended a Case Management Conference. After consideration of the Parties' positions as stated in their Joint Case Management Statement (Dkt. No. 947) and described during the Case Management Conference, the Court orders as follows:

1. The Parties shall submit Opening Briefs containing excerpts of their existing summary judgment briefing on issues remaining to be decided as described below. The excerpts shall be included in the Parties' Opening Briefs under headings that correspond to the issues below. These excerpts shall not add any new evidence or argument. However, using brackets, the Parties may clarify short or "*id.*" citations that are not otherwise clear on the face of the excerpt and add references to the docket numbers of any supporting evidence previously cited in the excerpt without otherwise altering or adding to the citation. In addition, the Parties may submit supplemental briefing limited to the discrete issues described below consistent with the page allocations shown, not to exceed nineteen pages total.

   a. **Express license defense.** Whether HPE is entitled to summary judgment on Oracle's infringement claims on the basis of its express license defense, or whether Oracle is entitled to summary judgment on HPE's express license defense, with one page of supplemental briefing on how the Ninth Circuit's decision bears on that question;

   b. **Symantec direct support.** Whether HPE is entitled to summary judgment on Oracle's infringement claim with respect to the Symantec account on the grounds that Oracle has failed to raise a triable issue on protectability, with two pages of supplemental briefing on how the Ninth Circuit's decision bears on that question;

   c. **Remaining direct support customers.** Whether HPE is entitled to partial summary judgment with respect to Oracle's direct infringement claim pertaining to any non-Symantec customers and servers other than

1

the 188 instances of alleged patching at issue in pages 17-21 of the Ninth Circuit's decision (subject to the Ninth Circuit's statute of limitations ruling), with three pages of supplemental briefing on how the Ninth Circuit's decision bears on that question;

  d. **Rule 56(g).** Whether HPE's existing 56(g) motion may be granted on the basis of its prior briefing and appendices, with eight pages of supplemental briefing on how the Ninth Circuit's decision bears on that question;

  e. **Contributory/vicarious liability.** Whether HPE is entitled to summary judgment on Oracle's contributory and vicarious liability claims, with no supplemental briefing permitted;

  f. **Preemption.** Five pages of supplemental briefing on whether Oracle's intentional interference claims are preempted by the Copyright Act;

  g. **Additional HPE defenses.** Whether Oracle is entitled to summary judgment on HPE's implied license, abandonment, estoppel, fair use, and 17 U.S.C. Section 117 affirmative defenses, with no supplemental briefing permitted.

2. The Parties shall file Responsive Briefs no longer than seven pages, which shall be limited in substance to responding to the issues raised by the opposing party's supplemental briefing.

3. The Court hereby denies without prejudice Oracle's request to supplement its expert damages report. Following the Court's decision on the briefing ordered in Paragraph 1, the Parties shall meet and confer on any modifications to Oracle's expert damages report and, if they are unable to reach agreement, Oracle may seek leave to supplement at that time.

4. The deadlines for the briefing described above shall be as follows:

  a. HPE shall submit its Opening Brief on **March 4, 2021**.

  b. Oracle shall submit its Opening Brief on **April 1, 2021**.

|     |     |     |     |
| --- | --- | --- | --- |
| 1 | | c. | HPE shall submit its Responsive Brief on **April 22, 2021**. |
| 2 | | d. | Oracle shall submit its Responsive Brief on **May 13, 2021**. |

5. The Court hereby sets a hearing on the briefing for **June 3, 2021** at 2 PM.

6. The Court further sets a pretrial conference for **October 29, 2021** at 2 PM. Jury selection shall begin on **November 29, 2021**, with a twelve-day trial beginning immediately thereafter.

**IT IS SO ORDERED.**

Dated: January 25, 2021        By: _____
                                    THE HONORABLE JON S. TIGAR
                                    United States District Judge

**APPROVED AS TO FORM:**

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ Jeffrey T. Thomas
        Jeffrey T. Thomas
        Attorneys for Defendant
        Hewlett Parkard Enterprise Co.

Dated: January 22, 2021

3