UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>    Defendant. | Case No. 16-cv-01393-JST<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 1003 |

Before the Court is Defendant Hewlett Packard Enterprise Company's ("HPE") motion for reconsideration. ECF No. 1003. Plaintiffs ("Oracle") opposed the motion, ECF No. 1007, and HPE filed a reply, ECF No. 1019. The Court denies the motion.

HPE asks the Court to "reconsider its decision granting summary judgment to Oracle on HPE's express license defense because the Court . . . failed to consider the voluminous extrinsic evidence essential to interpreting the meaning of the licenses." ECF No. 1003 at 3. Oracle responds that the licenses are not "reasonably susceptible" to HPE's interpretation – that customers were entitled to "a perpetual license to use Solaris patches, without any additional requirement that they pay for a 'support contract,'" *id.* at 6 – either on their face or through HPE's proffered extrinsic evidence.

A motion for reconsideration "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc) (per curiam) (emphasis in original). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See id.* at 1255-56 (district court did not abuse its discretion in denying

reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).  Local Rule 7-9(b)(3) permits reconsideration only if the moving party shows "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  Civil L.R. 7-9(b)(3).

Without repeating the analysis of its prior order, the Court takes this opportunity to confirm and emphasize that "it received and considered each piece of evidence cited in support of [HPE and Oracle's cross-motions for summary judgment and supplemental briefing] and concluded that the evidence did not 'prove a meaning to which the language of the instrument [was] reasonably susceptible.'" *Pac. Select Fund v. Bank of New York Mellon*, No. SACV10198JSTANX, 2012 WL 12886500, at *2 (C.D. Cal. Apr. 19, 2012) (quoting *Halicki Films, LLC v. Sanderson Sales & Marketing*, 547 F.3d 1213, 1223 (9th Cir. 2008)).  The Court specifically considered each piece of evidence HPE cited in support of its construction of the licenses.  However, the plain language of the licenses provided discretion to Sun – and then Oracle – to decide when and on what terms customers were allowed to access patches.  *See* ECF No. 994 at 13 ("[T]he plain language of the license makes clear that a customer may use the licensed software without purchasing a support contract, but that the use of any 'error corrections' or 'Software updates' – aka patches – is dependent on 'Sun's discretion' and the payment of 'the corresponding fee.'").  The extrinsic evidence relied on by HPE does not make the licenses "reasonably susceptible" to HPE's interpretation that customers were entitled to "a perpetual license to use Solaris patches," without ever having to pay a fee for any support contract.  ECF No. 1003 at 6.

HPE's motion for reconsideration is therefore DENIED.

**IT IS SO ORDERED.**

Dated:  August 9, 2021

_____
JON S. TIGAR
United States District Judge