UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>  Defendant. | Case No. 16-cv-01393-JST<br><br>**ORDER DENYING MOTION TO PREADMIT EXHIBITS 2916 AND 3574; DENYING REQUEST TO PREINSTRUCT RE STATUTE OF LIMITATIONS AND TERIX EXECUTIVE GUILTY PLEAS**<br><br>Re: ECF Nos. 1220, 1221, 1226 |

HPE's motion in limine to admit trial exhibits 2916 and 3574 is denied without prejudice. While the documents may fall within Rule 803(3)'s hearsay exception, HPE's motion does not lay an adequate foundation that the documents are authentic. HPE identifies nothing about the emails' "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with [the] circumstances" that would support a finding that the emails are what HPE says they are. *Jimena v. UBS AG Bank, Inc.*, No. 1:07-CV-00367 OWW, 2011 WL 2551413, at *4 (E.D. Cal. June 27, 2011) (citing *Lorraine v. Markel Am. Ins. Co.,* 241 F.R.D. 534, 546 (D. Md. 2007); Fed. R. Evid. 901(b)(4), *aff'd sub nom. Jimena v. Standish*, 504 F. App'x 632 (9th Cir. 2013).

HPE argues that "the documents contain all the distinctive characteristics of emails, including the senders' and recipients' email addresses, the names associated with the email addresses, the senders' signature blocks, and the date and time of each transmission." ECF No. 1220 at 10. These facts, which characterize most emails, cannot be enough by themselves to establish authenticity, otherwise courts would be required to find virtually all emails authentic; generally, there must be something more that establishes the likelihood that an email is what it purports to be. *See Jimena*, 2011 WL 2551413, at *4-7 (giving examples). Nor is HPE's citation

to *Holmes v. N. Texas Health Care Laundry Coop. Ass'n* helpful.  304 F. Supp. 3d 525, 535 n.5 (N.D. Tex. 2018).  In that case, the party objecting to the admission of the emails had actually produced most of them.  *Id.*  Furthermore, at deposition "she did not deny the conversations took place or that the e-mail messages to which she . . . object[ed] were what they purported to be."  *Id.*  There are no facts similar here.  HPE's motion to admit these documents now is therefore denied without prejudice.  HPE can seek to have these documents admitted at trial.

HPE's requests that the Court preinstruct the jury regarding the statute of limitations and the the Terix executive guilty pleas are denied.

**IT IS SO ORDERED.**

Dated:  May 23, 2022

JON S. TIGAR
United States District Judge