UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ORACLE AMERICA, INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>        Defendant. | Case No. 16-cv-01393-JST<br><br>**ORDER DENYING MOTION TO PERMIT INTRODUCTION OF EVIDENCE OF COMCAST'S DETERMINATION ABOUT THE RIGHT TO PATCHES**<br><br>Re: ECF No. 1261 |

Now before the Court is Defendant Hewlett Packard Enterprise Company's ("HPE") Motion To Permit Introduction Of Evidence Of Comcast's Determinations About The Right To Patches. ECF No. 1261. Oracle has filed an opposition. ECF No. 1262. The Court will deny the motion.

The proffered evidence is of weak probative value. For one thing, Comcast's belief that it could lawfully download and install Solaris patches without an Oracle support contract, if it had that belief, derived from information Comcast received from Terix. *See* ECF No. 1261-3 at 12:10-19 (setting forth witness Jennifer Yohe Wagner's testimony that she did not know whether Comcast independently believed that it had the right to access and download Solaris patches independently of information it received from Terix). This after-the-fact evidence is unhelpful on the question of what Comcast, much less any other customer, would have done in the absence of Terix's unlawful conduct. Also, while HPE argues that the evidence is relevant on the question of intent, neither of the jury instructions HPE cites refers to the direct infringer's intent. Ninth Circuit Model Civil Instruction 17.21 refers to the *defendant's*, i.e., HPE's, intent, but not the direct infringer's; Instruction 17.20 does not refer to intent at all. Balanced against this low probative value is the significant potential for undue prejudice, given that the might jury conclude

that Oracle's license agreements permitted the downloading and installation of patches without a support contract.  Accordingly, the Court will exclude the evidence under Rule 403 of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated: May 30, 2022



JON S. TIGAR
United States District Judge