UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC., et al.,

          Plaintiffs,

    v.

HEWLETT PACKARD ENTERPRISE
COMPANY,

          Defendant.

Case No. 16-cv-01393-JST

**JURY INSTRUCTIONS**

**1.4 Duty of Jury**

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**1.5 Claims and Defenses**

As I did at the beginning of the trial, I will give you a brief summary of the positions of the parties:

Oracle asserts that HPE infringed Oracle's copyrights in certain software programs – specifically, Oracle's Solaris operating system and firmware patches and updates.  Oracle alleges HPE infringed its copyrights in that software directly and also indirectly when its subcontractor Terix downloaded and copied Oracle's software.  Further, Oracle alleges that HPE directly and through Terix intentionally interfered with Oracle's existing contracts with its support customers, and intentionally interfered with Oracle's prospective economic relationships with these customers.  Oracle alleges that it was harmed by both the infringement and interference.  Oracle has the burden of proving each of its claims by a preponderance of the evidence.

HPE asserts that Oracle's allegations have no merit and denies that HPE has any liability or owes any damages.  HPE asserts that it did not infringe any of Oracle's copyrights.  Moreover, HPE asserts that it did not contribute to or benefit from any of the alleged Terix acts or alleged infringement.  HPE also asserts that it did not intentionally interfere with Oracle's support contracts or with Oracle's prospective economic relationships with those customers.  Finally, HPE asserts that none of the alleged conduct caused Oracle any harm.

**1.6 Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### 1.7 Burden of Proof— Clear and Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

### 1.9 What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.

**1.10 What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**1.12 Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

### 1.13 Ruling on Objections

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you were to disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

### 1.14 Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

10

## 2.2 Stipulations of Fact

The parties have agreed to certain facts, which have been provided to you in writing.  You must therefore treat these facts as having been proved.

United States District Court
Northern District of California

**2.4 Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You heard the deposition testimony of numerous witnesses.  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Most of the deposition testimony you heard was presented by video, but some was presented by counsel reading from a written transcript.  For testimony that was read to you, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.11 Use of Interrogatories

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**2.12 Use of Requests for Admission**

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

1

**2.13 Expert Opinion**

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions.  These witnesses included Robert Edwards, Benjamin Goldberg, Christian Hicks, Daniel M. McGavock, James E. Pampinella, and Ronald S. Schnell.  This opinion testimony was allowed because of the education or experience of those witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 2.14 Charts and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**2.15 Charts and Summaries Received in Evidence**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

**2.16 Evidence in Electronic Format**

2      Those exhibits received in evidence that are capable of being displayed electronically will

3  be provided to you in that form, and you will be able to view them in the jury room.  A computer,

4  projector, printer, and accessory equipment will be available to you in the jury room.

5      A court technician will show you how to operate the computer and other equipment; how

6  to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be

7  provided with a paper list of all exhibits received in evidence.  You may request a paper copy of

8  any exhibit received in evidence by sending a note through the courtroom deputy.  If you need

9  additional equipment or supplies or if you have questions about how to operate the computer or

10  other equipment, you may send a note to the courtroom deputy, signed by your foreperson or by

11  one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to

12  view.

13      If a technical problem or question requires hands-on maintenance or instruction, a court

14  technician may enter the jury room with courtroom deputy present for the sole purpose of assuring

15  that the only matter that is discussed is the technical problem.  When the court technician or any

16  nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court

17  technician or any nonjuror other than to describe the technical problem or to seek information

18  about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

19      The sole purpose of providing the computer in the jury room is to enable jurors to view the

20  exhibits received in evidence in this case.  You may not use the computer for any other purpose.

21  At my direction, technicians have taken steps to ensure that the computer does not permit access to

22  the Internet or to any "outside" website, database, directory, game, or other material.  Do not

23  attempt to alter the computer to obtain access to such materials.  If you discover that the computer

24  provides or allows access to such materials, you must inform the court immediately and refrain

25  from viewing such materials.  Do not remove the computer or any electronic data from the jury

26  room, and do not copy any such data.

27

28

United States District Court
Northern District of California

18

### 4.2 Liability of Corporations—Scope of Authority Not in Issue

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

1

**17.1 Preliminary Instruction—Copyright**

Oracle claims ownership of copyrights over its Solaris operating system patches and system firmware patches.  Oracle seeks damages against HPE for direct copyright infringement based on the acts of HPE, and for indirect copyright infringement based on the acts of Terix in connection with HPE customers.  HPE denies that it committed either direct or indirect copyright infringement.

I will now instruct you on the law regarding copyright infringement, and the damages you may award if you find that Oracle met its burden to prove that HPE directly or indirectly infringed Oracle's asserted copyrights.

United States District Court
Northern District of California

1

### 17.2 Copyright—Defined (17 U.S.C. § 106)

2   Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights

3   to, or authorize others to:

4       1.    reproduce the copyrighted work in copies; and

5       2.    distribute copies of the copyrighted work to the public by sale or other

6               transfer.

7   It is the owner of a copyright who may exercise these exclusive rights.  The term "owner"

8   includes the author of the work.  In general, copyright law protects against the reproduction and

9   public distribution of identical or substantially similar copies of the owner's copyrighted work

10  without the owner's permission.  An owner may enforce these rights to exclude others in an action

11  for copyright infringement.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**17.3 Copyright—Subject Matter—Generally**

Oracle's Solaris operating system and system firmware are the copyrighted works involved in this trial.  Solaris is an operating system, a kind of computer program, that is, sets of statements or instructions used directly or indirectly in a computer to bring about a certain result.  System firmware is a type of computer program that allows various hardware components in a server to work with other aspects of the server.

Software programs, such as Solaris and system firmware, can be protected by copyright law.  Only that part of the works consisting of original works of authorship fixed in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied.

United States District Court
Northern District of California

**17.5 Copyright Infringement—Elements—Ownership and Copying**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On Oracle's direct copyright infringement claim, Oracle has the burden of proving by a preponderance of the evidence that:

1.      Oracle is the owner of a valid copyright; and

2.      HPE copied original expression from the copyrighted work.

If you find that Oracle has proved both of these elements, your verdict should be for Oracle.  If, on the other hand, you find that Oracle has failed to prove either of these elements, your verdict should be for HPE.

**17.6 Copyright Infringement—Ownership of Valid Copyright—Definition**

Oracle is the owner of valid copyrights in Solaris and Oracle system firmware if Oracle proves by a preponderance of the evidence that:

1.      Oracle's works are original; and

2.      Oracle is the author or creator of the work, or received a transfer of exclusive rights in the works.

United States District Court
Northern District of California

**17.7 Copyright Infringement—Copyright Registration Certificate**

A copyright owner may obtain a certificate of registration from the Copyright Office.

The evidence in this case includes Exhibits 1396, 1525-27, 1541, 1551-59, and 1786, certificates of copyright registration from the Copyright Office.  You are instructed that these certificates are sufficient to establish that there are valid copyrights in versions 8, 9, 10, and 11 of Oracle's proprietary Solaris operating system and related system firmware.

**17.14 Copyright Infringement—Originality**

An original work may include or incorporate elements taken from prior works, works from the public domain, and works owned by others, with the owner's permission.  The original parts of the plaintiff's work are the parts created:

1.     independently by the author, that is, the author did not copy it from another work; and

2.     by use of at least some minimal creativity.

In copyright law, the "original" part of a work need not be new or novel.

**17.20 Secondary Liability—Vicarious Infringement—Elements and Burden of Proof**

In addition to liability for direct copyright infringement against HPE, Oracle also asserts a claim for vicarious infringement against HPE.  If you find that Terix infringed Oracle's copyright in Solaris and related system firmware, you must determine whether HPE vicariously infringed Oracle's copyrights.  Oracle has the burden of proving each of the following elements by a preponderance of the evidence:

1. HPE directly benefitted financially from the infringing activity of Terix;

2. HPE had the right and ability to supervise or control the infringing activity of Terix; and

3. HPE failed to exercise that right and ability.

If you find that Oracle has proved each of these elements, your verdict should be for Oracle on the vicarious copyright infringement claim.  If, on the other hand, Oracle has failed to prove any of these elements, your verdict should be for HPE on the vicarious copyright infringement claim.

1   **17.21 Secondary Liability—Contributory Infringement—Elements and Burden of Proof**

2       A defendant may be liable for copyright infringement engaged in by another if it knew of

3   or was willfully blind to the infringing activity and intentionally induced or materially contributed

4   to that infringing activity.

5       If you find that Terix infringed Oracle's copyright in Solaris and Oracle system firmware,

6   you must determine whether HPE contributorily infringed that copyright.  Oracle has the burden

7   of proving both of the following elements by a preponderance of the evidence:

8       1.      HPE knew of or was willfully blind to the infringing activity of Terix; and

9       2.      HPE intentionally induced or materially contributed to Terix's infringing activity.

10      HPE's intent to induce the infringing activity must be shown by clear expression of that

11  intent or other affirmative steps taken by HPE to encourage.

12      A willfully blind defendant is one who takes deliberate actions to avoid confirming a high

13  probability of wrongdoing and who can almost be said to have actually known the critical facts.

14      If you find that Terix infringed Oracle's copyright and you also find that Oracle has proved

15  both of these elements, your verdict should be for Oracle.  If, on the other hand, Oracle has failed

16  to prove either or both of these elements, your verdict should be for HPE.

United States District Court
Northern District of California

**A.3  Secondary Liability—Contributory Infringement—Infringement by Terix**

To show that Terix infringed Oracle's copyright in Solaris and Oracle system firmware, as described in Instructions 17.20 and 17.21, Oracle has the burden of proving by a preponderance of the evidence that:

1.    Oracle is the owner of a valid copyright; and

2.    Terix copied original expression from the copyrighted work.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

Secondary

## 17.32 Copyright—Damages

If you find for Oracle on its copyright infringement claim, you must determine Oracle's damages. Oracle is entitled to recover the actual damages suffered as a result of the infringement. In addition, Oracle is also entitled to recover any profits of HPE attributable to the infringement. Oracle must prove damages by a preponderance of the evidence.

**17.33 Copyright—Damages—Actual Damages (17 U.S.C. § 504(b))**

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement.  Actual damages mean the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement.  Oracle's actual damages can be represented by the profits Oracle would have made but for HPE's infringement.

In addition to actual damages, Oracle is entitled to any profits of HPE attributable to the infringement.  You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of HPE's profits only if you find that Oracle showed a causal relationship between the infringement and the profits generated indirectly from the infringement or HPE's gross revenue.

HPE's profit is determined by subtracting all expenses from HPE's gross revenue.

HPE's gross revenue is all of its receipts from the sale of support services for the Sun servers at issue associated with the infringement.  Oracle has the burden of proving HPE's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing HPE's gross revenue.  HPE has the burden of proving its expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of HPE's support services for the Sun servers at issue is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  HPE has the burden of proving the percentage of the profit, if any, attributable to factors other than infringing the copyrighted work.

### A.1  Evidence Concerning Sun Licenses

The licenses that Sun customers received when they purchased Sun servers did not entitle them to obtain from Oracle patches and updates for which Oracle required a support contract after Oracle bought Sun.  Sun and Oracle's policies and practices may, however, be relevant to other questions you will need to decide.

United States District Court
Northern District of California

**2201.  Intentional Interference With Contractual Relations—Essential Factual Elements**

Oracle claims that HPE, directly or through Terix, intentionally interfered with contracts between Oracle and certain of its customers.  To establish this claim, Oracle must prove all of the following:

1.      That there was a contract or contracts between Oracle and the relevant customers;

2.      That HPE knew of the contract(s);

3.      That HPE intended to disrupt the performance of the contract(s) or knew that disruption of performance was certain or substantially certain to occur;

4.      That there was a breach or disruption of the contractual relationship(s);

5.      That Oracle was harmed; and

6.      That HPE's conduct was a substantial factor in causing Oracle's harm.

**2202. Intentional Interference With Prospective Economic Relations—Essential Factual Elements**

Oracle claims that HPE, directly or through Terix, intentionally interfered with an economic relationship between Oracle and certain of its customers that probably would have resulted in an economic benefit to Oracle.  To establish this claim, Oracle must prove all of the following:

1.   That Oracle and the relevant customers were in economic relationships that probably would have resulted in an economic benefit to Oracle;

2.   That HPE knew of the relationships;

3.   That HPE either:

   a.   Intentionally interfered with an Oracle support contract agreed to by Oracle and the customer; or

   b.   Conspired with Terix to commit copyright infringement;

4.   That by engaging in this conduct HPE intended to disrupt the relationships or knew that disruption of the relationships was certain or substantially certain to occur;

5.   That the relationships were disrupted;

6.   That Oracle was harmed; and

7.   That HPE's conduct was a substantial factor in causing Oracle's harm.

United States District Court
Northern District of California

35

**3600.  Conspiracy—Essential Factual Elements**

Oracle claims that it was harmed by Terix's copyright infringement and that HPE is responsible for the harm because HPE was part of a conspiracy to commit copyright infringement. A conspiracy is an agreement by two or more persons to commit a wrongful act.  Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.

If you find that Terix committed copyright infringement that harmed Oracle, then you must determine whether HPE is also responsible for the harm.  HPE is responsible if Oracle proves both of the following:

1.    That HPE was aware that Terix planned to commit copyright infringement; and

2.    That HPE agreed with Terix and intended that the copyright infringement be committed.

Mere knowledge of a wrongful act without cooperation or an agreement to cooperate is insufficient to make HPE responsible for the harm.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged coconspirators.  Oracle is not required to prove that HPE personally committed a wrongful act or that it knew all the details of the agreement or the identities of all the other participants.

### 2.3.1  Intentional Interference – Existence of Relationship

In support of its intentional interference with prospective economic relations claim, Oracle contends that at the time of HPE's conduct, there existed a business relationship between Oracle and the relevant customers.  You must first determine whether there existed such a business relationship.

In determining this question, the business relationship need not be evidenced by a contract. It is sufficient if you find from the evidence that there were either prior dealings or a prior course of conduct between Oracle and the relevant customers from which there would be a reasonable expectation of future economic benefit.  Oracle must show this expected benefit with some degree of specificity, such that it is a realistic expectation, but it need not be shown with certainty, because prospective things in nature are necessarily uncertain.  The law requires more than a mere hope or optimism; what is required is a reasonable likelihood or probability.

### 2.4.1  Intentional Interference – Knowledge

To find for Oracle on its interference claims, you must also find that HPE knew of the existence of the contract or business relationship.  To have knowledge means that HPE had information concerning the contract or business relationship, which was discovered by HPE or was brought to HPE's attention by others.

In this regard, knowledge may be found to exist if, from the facts and circumstances of which HPE had knowledge, HPE should have known of the existence of such contract or business relationship.

United States District Court
Northern District of California

### 2.6.1  Intentional Interference – Intent

You, the jury, must determine whether HPE intended to interfere with Oracle's contracts or prevent Oracle from continuing or acquiring this business relationship.  HPE's conduct was intentional if done with the desire to interfere with Oracle's contracts or business relationships or with the belief that interference was substantially certain to result.  If you find that HPE's conduct was not intentional, then you must find for HPE.

Intent ordinarily may not be proved directly, because there is no way of scrutinizing the operations of the human mind.  You may infer a person's intent from conduct substantially certain to interfere with Oracle's contracts or business expectations, but you are not required to infer it and should consider all of the circumstances.  You may consider any statement made or act done or omitted by a party whose intent is an issue, and all of the facts and circumstances that indicate the party's state of mind.

Furthermore, in determining HPE's intention, the law assumes that every person intends the natural consequences of one's knowingly done acts.  Thus, if you find that HPE's conduct was knowingly done or knowingly omitted, you may draw the inference and find, unless the contrary appears from the evidence, that HPE intended all the natural and probable consequences of its conduct.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**430.  Intentional Interference – Causation**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**3701.  Intentional Interference – Tort Liability Asserted Against Principal—Essential Factual Elements**

Oracle claims that it was harmed by Terix's intentional interference with contractual relations and intentional interference with prospective economic relations, including Terix's independently wrongful conduct.

Oracle also claims that HPE is responsible for the harm because Terix was acting as its agent when the conduct occurred.

If you find that Terix's intentional interference harmed Oracle, then you must decide whether HPE is responsible for the harm.  HPE is responsible if Oracle proves both of the following:

1.    That Terix was HPE's agent; and

2.    That Terix was acting within the scope of its agency relationship when it harmed Oracle.

1

### 3705.  Intentional Interference -- Existence of Agency Relationship

2

Oracle claims that Terix was HPE's agent and that HPE is therefore responsible for Terix's

3

conduct.

4

If Oracle proves that HPE gave Terix authority to act on its behalf, then Terix was HPE's

5

agent.  This authority may be shown by words or may be implied by the parties' conduct.  This

6

authority cannot be shown by the words of Terix alone.

7

An agency relationship depends primarily upon whether HPE had the legal right to control

8

the activities of Terix, but it is not essential that HPE exercised the right to control or that HPE

9

actually supervised Terix's work.  The existence of the right of control and supervision establishes

10

the existence of an agency relationship.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### A.2  Statute of Limitations

Oracle may not hold HPE liable for any conduct relating to its claims for direct and indirect copyright infringement—committed either by HPE or by Terix—that occurred before May 6, 2012.

Oracle may not hold HPE liable for any conduct relating to its intentional interference claims that occurred before May 6, 2013.

**3900.  Damages—Compensatory Damages**

If you decide that Oracle has proved its intentional interference claims against HPE, you also must decide how much money will reasonably compensate Oracle for the harm.  This compensation is called "damages."  I explained how to determine damages for copyright infringement in a prior instruction.

The amount of damages must include an award for each item of harm that was caused by HPE's wrongful conduct, even if the particular harm could not have been anticipated.

Oracle does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

To recover damages for lost profits, Oracle must prove it is reasonably certain it would have earned profit but for HPE's conduct directly and through Terix.

To decide the amount of damages for lost profits, you must determine the gross amount Oracle would have received but for HPE's conduct directly and through Terix and then subtract from that amount the expenses Oracle would have had if HPE's conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

**3946.  Punitive Damages**

If you find that Oracle is entitled to compensatory damages for actual harm or loss on its claim for intentional interference with contract or for intentional interference with prospective economic advantage, then you may, but are not required to, award punitive damages to Oracle. The amount, if any, of punitive damages will be an issue decided later.

You may not award punitive damages with respect to Oracle's claim for copyright infringement.

At this time, you must decide only whether Oracle has proven that HPE engaged in the conduct underlying Oracle's intentional interference claims with malice, oppression, or fraud.  To do this, Oracle must prove one of the following by clear and convincing evidence:

1.      that the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of HPE, who acted on behalf of HPE; or

2.      that the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of HPE; or

3.      that one or more officers, directors, or managing agents of HPE knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

To establish "malice," Oracle must prove that HPE acted with intent to cause injury or that HPE's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

To establish "oppression," Oracle must prove that HPE's conduct was despicable and subjected Oracle to cruel and unjust hardship in knowing disregard of its rights.

To establish "despicable conduct," Oracle must prove that HPE's conduct was so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

To establish "fraud," Oracle must prove that HPE intentionally misrepresented or concealed a material fact and did so intending to harm Oracle.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decisionmaking such that his or her decisions ultimately determine corporate policy.

### 3.1 Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**3.2 Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed

48

1    to any outside information, please notify the court immediately.

United States District Court
Northern District of California

### 3.3 Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

United States District Court
Northern District of California

1

**3.5 Return of Verdict**

2

A verdict form has been prepared for you.  After you have reached unanimous agreement

3

on a verdict, your presiding juror should complete the verdict form according to your

4

deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the

5

courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# PRELIMINARY INSTRUCTIONS

1

### 1.3 Duty of the Jury

2      Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on

3   the law.

4      It is your duty to find the facts from all the evidence in the case.  To those facts you will

5   apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

6   with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

7   prejudices or sympathy.  That means that you must decide the case solely on the evidence before

8   you.  You will recall that you took an oath to do so.

9      At the end of the trial, I will give you final instructions.  It is the final instructions that will

10  govern your duties.

11      Please do not read into these instructions, or anything I may say or do, that I have an

12  opinion regarding the evidence or what your verdict should be.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**1.5 Claims and Defenses**

Oracle asserts that HPE infringed Oracle's copyrights in certain software programs—specifically, Oracle's Solaris operating system and firmware patches and updates. Oracle alleges HPE infringed its copyrights in that software directly and also indirectly when its subcontractor Terix downloaded and copied Oracle's software. Further, Oracle alleges that HPE directly and through Terix intentionally interfered with Oracle's existing contracts with its support customers, and intentionally interfered with Oracle's prospective economic relationships with these customers. Oracle alleges that it was harmed by both the infringement and interference. Oracle has the burden of proving each of its claims by a preponderance of the evidence.

HPE asserts that Oracle's allegations have no merit and denies that HPE has any liability or owes any damages. HPE asserts that it did not infringe any of Oracle's copyrights. Moreover, HPE asserts that it did not contribute to or benefit from any of the alleged Terix acts or alleged infringement. HPE also asserts that it did not intentionally interfere with Oracle's support contracts or with Oracle's prospective economic relationships with those customers. Finally, HPE asserts that none of the alleged conduct caused Oracle any harm.

**1.6 Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

**1.7 Burden of Proof—Clear and Convincing Evidence**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.

This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

United States District Court
Northern District of California

**1.9 What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

United States District Court
Northern District of California

**1.10 What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

**1.11 Evidence for a Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**1.12 Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**1.13 Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**1.14 Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

### 17.1 Preliminary Instruction—Copyright

The plaintiff, Oracle, claims ownership of copyrights and seeks damages against the defendant, HPE, for copyright infringement.  HPE denies infringing the copyrights.  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

### Definition of Copyright

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original.  An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

### How Copyright is Obtained

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression. The owner of the copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office. After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

### Plaintiff's Burden of Proof

In this case, the plaintiff, Oracle, contends that the defendant, HPE, has infringed Oracle's copyright.  Oracle has the burden of proving by a preponderance of the evidence that Oracle is the owner of the copyright and that HPE copied original expression from the copyrighted

United States District Court
Northern District of California

1  work.  Preponderance of the evidence means that you must be persuaded by the evidence that it is

2  more probably true than not true that the copyrighted work was infringed.

3      Oracle must also prove that HPE's use of the copyrighted work was substantial.  In

4  determining whether HPE's use of the copyrighted work was substantial, you may consider

5  howimportant the copied portion was to the copyrighted work as a whole.

**Proof of Copying**

7      To prove that HPE copied Oracle's work, Oracle may show that HPE had access to

8  Oracle's copyrighted work and that there are substantial similarities between HPE's work and

9  Oracle's copyrighted work.

**Liability for Infringement**

11     One who reproduces a copyrighted work without authority from the copyright owner

12  during the term of the copyright infringes the copyright.

13     Copyright may also be infringed by vicariously infringing or contributorily infringing.

**Vicarious Infringement**

15     A person is liable for copyright infringement by another if the person has profited directly

16  from the infringing activity and had the right and ability to supervise or control the infringing

17  activity, whether or not the person knew of the infringement.

**Contributory Infringement**

19     A person is liable for copyright infringement by another if the person knows of, was

20  willfully blind to, or should have known of the infringing activity and induces or materially

21  contributes to the activity.

**Defenses to Infringement**

23     HPE contends that it cannot be held liable for direct or indirect copyright infringement.

24  HPE also claims that Oracle cannot meet its burden to prove that HPE directly infringed Oracle's

25  copyrights, or that HPE should be held indirectly liable for Terix's alleged infringement.  Further,

26  HPE contends that Oracle cannot show that any alleged infringement caused Oracle to suffer

27  damages.

28

### 1.15 Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has

United States District Court
Northern District of California

1   not been tested by the trial process.  Each of the parties is entitled to a fair trial by an

2   impartial jury, and if you decide the case based on information not presented in court, you will

3   have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is

4   very important that you follow these rules.

5       A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

6   mistrial could result that would require the entire trial process to start over.  If any juror is exposed

7   to any outside information, please notify the court immediately.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**1.16 Publicity During Trial**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

1

**1.17 No Transcript Available to Jury**

2      I urge you to pay close attention to the trial testimony as it is given.  During deliberations

3   you will not have a transcript of the trial testimony.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**1.18 Taking Notes**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  When the trial is concluded, I will order that your notes be collected and destroyed.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

**1.20 Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, which is called a sidebar, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

United States District Court
Northern District of California

70

## 1.21 Outline of Trial

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.